NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 10-3858
_____

UNITED STATES OF AMERICA

v.

KENNETH CRUZ,

Appellant
_____

On Appeal from the United States District Court
For the Eastern District of Pennsylvania
(D.C. Criminal Action No. 5-08-cr-00298-001)
District Judge:  Honorable Juan R. Sanchez
_____

Submitted Under Third Circuit LAR 34.1(a)
March 9, 2012
_____

Before:  McKEE, Chief Judge, SCIRICA, and AMBRO, Circuit Judges

(Opinion filed: March 9, 2012)
_____

OPINION
_____

AMBRO, Circuit Judge

Appellant Kenneth Cruz was convicted, pursuant to a plea agreement, of:

(1) distribution of heroin, possession with intent to distribute heroin, and possession with

intent to distribute cocaine base (crack), all in violation of 21 U.S.C. § 841(a)(1);

1

(2) possession of cocaine, in violation of 21 U.S.C. § 844(a); (3) possession of a firearm in furtherance of a drug trafficking crime, in violation of 18 U.S.C. § 924(c)(1); and (4) possession of a firearm while a convicted felon, in violation of 18 U.S.C. § 922(g)(1). The District Court sentenced him to 180 months' imprisonment. Cruz appeals his conviction and sentence. He argues that the Court erred in denying his motion to suppress certain physical evidence, and also requests relief under the Fair Sentencing Act of 2010 ("FSA"), Pub. L. No. 111-220, § 2, 124 Stat. 2372. We affirm Cruz's conviction and remand to the Court for resentencing.[1]

## I. BACKGROUND

Because we write solely for the parties, we recite only those facts necessary to our decision. Detectives from the Berks County Police Department, acting pursuant to a warrant, arrested Cruz near the residence they believed was his. On arresting Cruz, they requested his consent to search the residence. Cruz stated that he did not live there, but that his girlfriend, Peggy Espada, and children resided there and were inside. Espada freely and expressly consented to a search of the residence. She also identified an unlocked, zipped suitcase located in a doorless closet, a jacket draped over it, another jacket, and a lockbox as belonging to Cruz. The detectives seized these items, transported them to the police headquarters, and, after obtaining a search warrant, recovered the drugs and the weapon that were the bases of some of the charges against Cruz.

---

[1] The District Court had jurisdiction under 18 U.S.C. § 3231. We have jurisdiction under 28 U.S.C. § 1291 and 18 U.S.C. § 3742(a).

2

Cruz pled guilty after the District Court denied his motion to suppress the physical evidence recovered from Espada's residence. The Court sentenced him on September 8, 2010, after the enactment of the FSA, but before we held that the FSA's provisions apply to all defendants sentenced on or after August 3, 2010. *See United States v. Dixon*, 648 F.3d 195 (3d Cir. 2011).

## II. DISCUSSION

### A. Motion to Suppress

We "review the district court's denial of [a] motion to suppress for clear error as to the underlying facts, but exercise plenary review as to its legality in light of the court's properly found facts." *United States v. Kennedy*, 638 F.3d 159, 163 (3d Cir. 2011) (quoting *United States v. Silveus*, 542 F.3d 993, 999 (3d Cir. 2008)) (alteration in original).[2]

Seizure of personal property is "*per se* unreasonable within the meaning of the Fourth Amendment unless it is accomplished pursuant to a judicial warrant issued upon probable cause . . . ." *United States v. Place*, 462 U.S. 696, 701 (1983). There are, however, well-established exceptions to the warrant requirement, one of which is consent. *Schneckloth v. Bustamonte*, 412 U.S. 218, 219 (1973). Cruz argues that Espada did not have authority to consent to the seizure of his belongings. We disagree.

---

[2] As an initial matter, the Government argues that Cruz lacks standing to object to the search of Espada's residence because he did not live there and was only an occasional visitor. Cruz had no expectation of privacy in Espada's residence at the time of the search. *See Minnesota v. Olsen*, 495 U.S. 91 (1990); *United States v. Mosley*, 454 F.3d 249 (3d Cir. 2006). However, he had a reasonable expectation of privacy in the items that Espada identified as his. *See Rakas v. Illinois*, 439 U.S. 128 (1978).

Consent by a third party is valid if there exists such "common authority over or other sufficient relationship to the premises or effects sought to be inspected." *United States v. Matlock*, 415 U.S. 164, 171 (1974). Common authority rests not on pure ownership, but rather on the "mutual use of the property by persons generally having joint access or control . . . ." *Id.* at 172 n.7. Espada was the resident of the searched premises, while Cruz was a temporary guest who admitted that he had no control over the residence. In leaving the residence with his belongings still in the bedroom, unlocked and exposed in a doorless closet, Cruz assumed the risk that Espada would consent to a search of her residence. We thus affirm his conviction.

**B. Sentence**

We review the District Court's legal conclusions regarding the United States Sentencing Guidelines *de novo*. *United States v. Blackmon*, 557 F.3d 113, 118 (3d Cir. 2009).

Cruz argues that the Court should have applied the FSA based on our decision in *Dixon* because he was sentenced after August 3, 2010. We note that Cruz failed to raise this argument to us in his opening brief, and that he raised it only after the Government's suggestion and consent. It is well established that failure to raise an argument in an opening brief is a waiver of that issue on appeal. *United States v. Pelullo*, 399 F.3d 197, 222 (3d Cir. 2005). We nonetheless consider the FSA argument because we find this instance to be an "extraordinary circumstance." *United States v. Albertson*, 645 F.3d 191, 195 (3d Cir. 2011). The Government concedes that the FSA should be applied here. In addition, failing to consider the application of the FSA would result in a miscarriage of

4

justice based on our holding in *Dixon* that "the FSA requires application of the new mandatory minimum sentencing provisions to all defendants sentenced on or after August 3, 2010, regardless of when the offense conduct occurred," particularly given that the application of the FSA will reduce Cruz's mandatory minimum sentence. *Dixon*, 648 F.3d at 203.[3]

Because Cruz's sentence was imposed by the District Court on September 8, 2010, we apply our holding in *Dixon*. Thus we vacate the sentence and remand so that Cruz may be resentenced in accordance with the FSA.

\* \* \* \* \*

For these reasons, we affirm Cruz's conviction, vacate the District Court's sentence, and remand the case for resentencing consistent with this opinion.

---

[3] Cruz's sentence included a mandatory minimum penalty of 120 months based on the crack-cocaine offense. Under the FSA, based on the grams of crack cocaine involved, this offense does not carry a mandatory minimum. *See Dixon*, 648 F.3d at 197. His sentence also must be reconsidered in light of the corresponding amendment to the Sentencing Guidelines regarding crack-cocaine offenses, effective November 1, 2010, which applies retroactively effective November 1, 2011. *See* U.S.S.G. § 1B1.10(c) (including Amendment 750 to the Guidelines, which altered the drug quantity tables based on the FSA, in the list of amendments that are given retroactive effect).