RECOMMENDED FOR PUBLICATION
Pursuant to Sixth Circuit I.O.P. 32.1(b)

File Name: 20a0069p.06

# UNITED STATES COURT OF APPEALS

## FOR THE SIXTH CIRCUIT

_____

UNITED STATES OF AMERICA,

*Plaintiff-Appellee,*

*v.*

No. 19-1522

JERMAIN MARVIN ALEXANDER,

*Defendant-Appellant.*

_____

Appeal from the United States District Court
for the Western District of Michigan at Grand Rapids.
No. 1:06-cr-00312-1—Gordon J. Quist, District Judge.

Decided and Filed:  October 18, 2019[*]

Before:  SUHRHEINRICH, COOK, and READLER, Circuit Judges.

_____

### COUNSEL

_____

**ON BRIEF:**  B. Rene Shekmer, UNITED STATES ATTORNEY'S OFFICE, Grand Rapids, Michigan, for Appellee.  Jermain M. Alexander, Ayer, Massachusetts, pro se.

_____

### ORDER

_____

Jermain Marvin Alexander, a federal prisoner proceeding pro se, appeals the district court's order granting his motion for a sentence reduction pursuant to the First Step Act of 2018, Pub. L. No. 115-391, 132 Stat. 5194.  This case has been referred to a panel of the court that,

_____

[*]This decision was originally filed as a panel order on October 18, 2019.  The court has now designated the order for publication.

upon examination, unanimously agrees that oral argument is not needed. *See* Fed. R. App. P. 34(a).

In 2007, Alexander pleaded guilty to an indictment charging him with one count of possession with intent to distribute more than 50 grams of cocaine base, in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(A)(iii). At that time, Alexander's offense involving more than 50 grams of cocaine base carried a statutory penalty range of not less than ten years and not more than life imprisonment. The presentence report attributed to Alexander 258.58 grams of cocaine base, corresponding to a base offense level of 34 under USSG § 2D1.1's drug quantity table. However, Alexander was designated a career offender based on his prior felony convictions for a crime of violence and a controlled substance offense. Pursuant to the career offender guideline, USSG § 4B1.1, Alexander's offense level became 37, based on the statutory maximum of life imprisonment, and his criminal history category became VI, resulting in a guidelines range of 360 months to life imprisonment. The district court sentenced Alexander to 360 months of imprisonment followed by five years of supervised release. On appeal, this court affirmed Alexander's sentence. *United States v. Alexander*, 543 F.3d 819 (6th Cir. 2008).

Earlier this year, Alexander filed a pro se motion for a reduced sentence pursuant to section 404 of the First Step Act, which made retroactive certain sections of the Fair Sentencing Act of 2010, Pub. L. No. 111-220, 124 Stat. 2372. Those sections of the Fair Sentencing Act increased the threshold quantities of cocaine base required to trigger the statutory penalty ranges. Alexander asserted that, under the Fair Sentencing Act, an offense involving 50 grams of cocaine base now carries a statutory maximum of 40 years of imprisonment. *See* 21 U.S.C. § 841(b)(1)(B)(iii) (stating offense involving 28 grams but less than 280 grams of cocaine base subject to not less than 5 years and not more than 40 years). With that change in his statutory maximum, Alexander's offense level under the career offender guideline became 34. *See* USSG § 4B1.1(b)(2). Based on an offense level of 34 and a criminal history category of VI, Alexander's guidelines range became 262 to 327 months of imprisonment. Alexander asserted that "[t]he court once again should enter a sentence at the bottom end of the career offender guideline" and that "[a] sentence of 262 months would be reasonable in this matter." In response, the government agreed that Alexander was eligible for a discretionary sentence

reduction pursuant to section 404 of the First Step Act and that retroactive application of the Fair Sentencing Act would result in a guidelines range of 262 to 327 months of imprisonment. The district court granted Alexander's motion and reduced his sentence to 262 months of imprisonment.

This timely appeal followed. Alexander argues that the district court erred in failing to conduct a de novo resentencing hearing.

"Generally speaking, once a court has imposed a sentence, it does not have the authority to change or modify that sentence unless such authority is expressly granted by statute." *United States v. Curry*, 606 F.3d 323, 326 (6th Cir. 2010). Alexander moved for a reduced sentence pursuant to section 404 of the First Step Act, which provides for retroactive application of the Fair Sentencing Act:

> A court that imposed a sentence for a covered offense may, on motion of the defendant, the Director of the Bureau of Prisons, the attorney for the Government, or the court, impose a reduced sentence as if sections 2 and 3 of the Fair Sentencing Act of 2010 (Public Law 111-220; 124 Stat. 2372) were in effect at the time the covered offense was committed.

§ 404(b), 132 Stat. at 5222. The First Step Act defines "covered offense" as "a violation of a Federal criminal statute, the statutory penalties for which were modified by section 2 or 3 of the Fair Sentencing Act of 2010 (Public Law 111–220; 124 Stat. 2372), that was committed before August 3, 2010." *Id*. § 404(a). Sections 2 and 3 of the Fair Sentencing Act modified the statutory penalties for offenses involving cocaine base. §§ 2–3, 124 Stat. at 2372.

The district court's form order granting Alexander's motion for a sentence reduction stated that the motion was brought under 18 U.S.C. § 3582(c)(2). Alexander is correct that § 3582(c)(2) does not apply to his motion for a sentence reduction pursuant to the First Step Act. Section 3582(c)(2) applies "in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission." Alexander sought a sentence reduction as authorized by Congress pursuant to the First Step Act; he did not seek a sentence reduction based on an amendment to the sentencing guidelines by the Sentencing Commission.

Another subsection of § 3582(c) applies to Alexander's motion.  Under § 3582(c)(1)(B), "[t]he court may not modify a term of imprisonment once it has been imposed except that . . . the court may modify an imposed term of imprisonment to the extent otherwise expressly permitted by statute or by Rule 35 of the Federal Rules of Criminal Procedure."  The First Step Act expressly permits courts to impose a reduced sentence.  The authority granted by the First Step Act is limited:  "A court that imposed a sentence for a covered offense may . . . impose a reduced sentence as if sections 2 and 3 of the Fair Sentencing Act of 2010 . . . were in effect at the time the covered offense was committed."  § 404(b), 132 Stat. at 5222.  And that authority is discretionary:  "Nothing in this section shall be construed to require a court to reduce any sentence pursuant to this section."  *Id*. § 404(c).

Alexander argues that the First Step Act requires the district court to conduct a de novo resentencing hearing allowing him to present his arguments in support of a sentence outside the reduced guidelines range.  The First Step Act's limited, discretionary authorization to impose a reduced sentence is inconsistent with a plenary resentencing.  *See United States v. Hegwood*, 934 F.3d 414, 418 (5th Cir.), *cert.* denied, 2019 WL 4923453 (U.S. Oct. 7, 2019); *United States v. Boulding*, 379 F. Supp. 3d 646, 653 (W.D. Mich. 2019); *see also Dillon v. United States*, 560 U.S. 817, 826 (2010) ("Section 3582(c)(2)'s text, together with its narrow scope, shows that Congress intended to authorize only a limited adjustment to an otherwise final sentence and not a plenary resentencing proceeding.").  Furthermore, Federal Rule of Criminal Procedure 43 states that a defendant must be present at sentencing but need not be present if "[t]he proceeding involves the correction or reduction of sentence under Rule 35 or 18 U.S.C. § 3582(c)."  Fed. R. Crim. P. 43(b)(4); *see* Fed. R. Crim. P. 43(a)(3).  This rule provides further support for the conclusion that a sentence reduction authorized by the First Step Act and § 3582(c)(1)(B) does not require a de novo resentencing hearing.  *See Dillon*, 560 U.S. at 827–28.  Contrary to Alexander's argument, he was not entitled to a plenary resentencing.

The cases cited by Alexander do not support his argument.  Two of those cases involved direct appeals in which the Third Circuit remanded for resentencing in accordance with the Fair Sentencing Act.  *See United States v. Self*, 681 F.3d 190, 202–03 (3d Cir. 2012); *United States v. Cruz*, 470 F. App'x 91, 94 (3d Cir. 2012).  In *United States v. Spearman*, a proceeding under

28 U.S.C. § 2255, the Ninth Circuit merely "remanded with instructions that the district court proceed with re-sentencing in light of, and in accordance with, the First Step Act of 2018." 913 F.3d 958, 958 (9th Cir. 2019)(mem.). The court's brief order did not authorize a plenary resentencing, stating that "[t]his case is remanded for this limited purpose only." *Id*. at 959.

Alexander asserts that, at a de novo resentencing hearing, he would argue that the district court should have imposed a further reduced sentence for the following reasons: the district court was unaware of or failed to understand its discretion to depart from the career offender range, he should have received a one-level reduction for acceptance of responsibility pursuant to USSG § 3E1.1(b), and his post-offense rehabilitation and serious medical condition should have been considered. Alexander did not raise any of these arguments in his motion for a sentence reduction, instead asserting that "[t]he court once again should enter a sentence at the bottom end of the career offender guideline" and that "[a] sentence of 262 months would be reasonable in this matter." As requested, the district court reduced Alexander's sentence to 262 months of imprisonment.

For these reasons, we AFFIRM the district court's order granting Alexander's motion for a sentence reduction under the First Step Act.

ENTERED BY ORDER OF THE COURT

Deborah S. Hunt, Clerk