# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

No. 19-20568
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**
April 15, 2020

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff - Appellee

v.

RANDY BAKER,

Defendant - Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:96-CR-187-2

Before BARKSDALE, ELROD, and DUNCAN, Circuit Judges.

PER CURIAM:[*]

Randy Baker, federal prisoner # 75188-079, proceeding *pro se* and *in forma pauperis*, challenges the district court's order denying his motion, pursuant to 18 U.S.C. § 3582(c)(2) and the First Step Act of 2018, Pub. L. No. 115-391, 132 Stat. 5194 (2018), for a sentence reduction in the light of Amendments 750 (revising Drug Quantity Table as to crack cocaine) and 782 (reducing offense levels for drug-trafficking offenses) to the Sentencing

---

[*] Pursuant to 5th Cir. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Cir. R. 47.5.4.

No. 19-20568

Guidelines. (Although Baker's notice of appeal was untimely, the Government affirmatively waived the non-jurisdictional requirement of a timely notice of appeal. *See United States v. Martinez*, 496 F.3d 387, 388–89 (5th Cir. 2007) (per curiam).)

To the extent Baker challenges the denial of a sentence reduction under § 3582(c)(2), review is for abuse of discretion. *See United States v. Quintanilla*, 868 F.3d 315, 319 (5th Cir. 2017) (per curiam) (citation omitted). To the extent Baker challenges the district court's interpretation of a federal statute, review is *de novo*. *See United States v. Hegwood*, 934 F.3d 414, 417 (5th Cir.) (citation omitted), *cert. denied*, 140 S. Ct. 285 (2019).

Baker cannot show the court erred in refusing to adjust his sentence. At Baker's original sentencing, the district court sentenced him to, *inter alia*, 360-months' imprisonment, based on its determination he was a career offender with an offense-level of 38, a criminal-history category of VI, and an advisory Guidelines sentencing range of 360-months' imprisonment to life imprisonment. Baker's offense level, post-Fair Sentencing Act of 2010, Pub. L. No. 111-220, 124 Stat. 2372 (2010), has been reduced by two levels to 36. But, because Baker is a career offender, he is subject to an offense level of 37 (not 36); and, at criminal-history category VI, his advisory Guidelines sentencing range remains unchanged at 360-months' imprisonment to life imprisonment. *See* U.S.S.G. §§ 4B1.1 (1995); 5A (1995).

Although Baker contends the court should have revisited its career-offender finding upon reviewing his sentence, our court has held "the First Step Act grants a district judge limited authority to consider reducing a sentence previously imposed". *Hegwood*, 934 F.3d at 418. In that regard, "the First Step Act does not allow plenary resentencing". *Id.* at 415. Instead, in deciding the new sentence, the district court "plac[es] itself in the time frame of the

No. 19-20568

original sentencing, altering the relevant legal landscape only by the changes mandated by the 2010 Fair Sentencing Act". *Id.* at 418. A court, when interpreting the First Step Act, "commit[s] no error in continuing to apply the career-criminal enhancement when deciding on a proper sentence". *Id.* at 419.

Baker also asserts the court failed to give adequate weight to his post-sentencing conduct and imposed a sentence that was greater than necessary to satisfy the statutory sentencing factors. Under *Hegwood*, however, the court was not required to consider Baker's post-sentencing conduct or reapply the statutory sentencing factors. *See United States v. Jackson*, 945 F.3d 315, 321–22 (5th Cir. 2019) (citing *Hegwood*, 934 F.3d at 418).

AFFIRMED.