# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**
October 14, 2020

Lyle W. Cayce
Clerk

No. 20-30091
Summary Calendar

UNITED STATES OF AMERICA,

*Plaintiff—Appellee*,

*versus*

DONTOUR D. DRAKES,

*Defendant—Appellant*.

Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 1:13-CR-90-2

Before DAVIS, STEWART, and DENNIS, *Circuit Judges*.

PER CURIAM:*

Dontour D. Drakes, federal prisoner # 16320-035, appeals the denial of his motion to reduce his sentence under 18 U.S.C. § 3582(c)(2) based on Amendment 782 to the Sentencing Guidelines and the First Step Act. We review the district court's decision whether to reduce a sentence under

---

* Pursuant to 5TH CIRCUIT RULE 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIRCUIT RULE 47.5.4.

§ 3582(c)(2) for an abuse of discretion. *United States v. Henderson*, 636 F.3d 713, 717 (5th Cir. 2011); *see also United States v. Jackson*, 945 F.3d 315, 319 & n.2 (5th Cir. 2019) (First Step Act), *cert. denied*, 2020 WL 1906710 (U.S. Apr. 20, 2020) (No. 19-8036).

With respect to the district court's denial of Drakes's motion for sentence reduction under Amendment 782, this amendment altered the Drug Quantity Table set forth in U.S.S.G. § 2D1.1(c) by effectively lowering most drug-related base offense levels by two levels. *See* U.S.S.G. App. C, Supp. to Amend. 782. However, because Drakes's offense level was determined based on the career offender guideline, rather than based on the quantity of drugs involved in the offense, *see* U.S.S.G. § 4B1.1(c)(2), Amendment 782 did not reduce his base offense level or his guidelines sentencing range, *see United States v. Quintanilla*, 868 F.3d 315, 321 (5th Cir. 2017). Consequently, because Amendment 782 did "not have the effect of lowering [Drakes's] applicable guideline range," Drakes was ineligible for a reduction under § 3582(c)(2). U.S.S.G. § 1B1.10(a)(2)(B).

As to the district court's denial of Drakes's motion for a sentence reduction based on the First Step Act, "Section 404 of the First Step Act concerns the application of [the] Fair Sentencing Act of 2010." *United States v. Hegwood*, 934 F.3d 414, 416 (5th Cir.) (internal quotation marks and citation omitted), *cert. denied*, 140 S. Ct. 285 (2019). A defendant is eligible for a sentence reduction under the First Step Act if: (1) he committed a "'covered offense,'" which is defined as "a violation of a Federal criminal statute, the statutory penalties for which were modified by section 2 or 3 of the Fair Sentencing Act of 2010 . . . that was committed before August 3, 2010;" and (2) his sentence was not previously imposed or reduced pursuant to the Fair Sentencing Act and he did not previously file a motion under the First Step Act which was denied on the merits. *See* Pub. L. No. 115-391, § 404(a), (c); 132 Stat. 5194, 5222; *Hegwood*, 934 F.3d at 416-17. Because

No. 20-30091

Drakes's offense was not committed before August 3, 2010, the Fair Sentencing Act already applied to him and the district court did not abuse its discretion by denying his motion for a sentence reduction. *See* Pub. L. No. 115-391, § 404(a).

AFFIRMED.