# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

October 15, 2013

No. 12-41289
Summary Calendar

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

DANIEL RAY RAMIREZ,

Defendant-Appellant

Appeals from the United States District Court
for the Southern District of Texas
USDC No. 6:04-CR-82-1

Before KING, DeMOSS, and GRAVES, Circuit Judges.

PER CURIAM:[*]

Daniel Ray Ramirez, federal prisoner # 76914-079, appeals the district court's denial of his 18 U.S.C. § 3582(c)(2) motion to reduce his sentence based on the amendments to the crack cocaine Guideline.

This court must examine the basis of its jurisdiction, sua sponte, if necessary. *Mosley v. Cozby*, 813 F.2d 659, 660 (5th Cir. 1987). "[A] § 3582(c)(2) motion is not a civil postconviction action but a 'step in a criminal case.'" *United States v. Alvarez*, 210 F.3d 309, 310 (5th Cir. 2000) (citation omitted). Because

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Ramirez's motion to reconsider was filed after the expiration of the 14-day period for noticing an appeal from the denial of his § 3582 motion on July 25, 2012, the motion to reconsider did not serve to extend the time for filing the notice of appeal.  Ramirez did not file his notice of appeal until November 9, 2012, following the October 31, 2012, denial of his motion for reconsideration.  Thus, Ramirez's notice of appeal is effective only as to the district court's denial of his motion for reconsideration.  The Government has filed a brief on the merits and does not suggest that the denial of § 3582(c)(2) relief is not properly before us; therefore, we address the merits of Ramirez's arguments.  *See United States v. Martinez*, 496 F.3d 387, 388-89 (5th Cir. 2007).

Ramirez's notice of appeal was timely as to the denial of the motion for reconsideration, and he stated in his notice of appeal that he desired to appeal that order.  However, in his brief, Ramirez makes no argument challenging the denial of his motion for reconsideration, and so that portion of his appeal is considered abandoned.  *See United States v. Reyes*, 300 F.3d 555, 558 n. 2 (5th Cir. 2002).

Ramirez argues that the district court erred in denying his § 3582(c)(2) motion because it failed to engage in the two-step analysis under *Dillon v. United States*, 130 S. Ct. 2683, 2691 (2010), and failed to consider *Freeman v. United States*, 131 S. Ct. 2685 (2011).  Ramirez contends that *Freeman* permits relief because he pleaded guilty under a plea agreement that projected a possible sentencing range and that the district court overlooked this fact and misapprehended the applicability of *Freeman* to his request for relief under § 3582.

The district court correctly determined that Ramirez was sentenced as a career offender and so was not entitled to a sentence reduction because "[t]he crack cocaine guideline amendments do not apply to prisoners sentenced as career offenders." *United States v. Anderson,* 591 F.3d 789, 791 (5th Cir. 2009).  Ramirez's reliance on *Freeman* is without merit.  In *Freeman*, the Supreme

Court held that defendants who were sentenced pursuant to Federal Rule of Criminal Procedure 11(c)(1)(C) plea agreements were not categorically precluded from receiving a sentence reduction under § 3582(c)(2). *Freeman,* 131 S. Ct. at 2692-95. Nothing in *Freeman* concerns defendants sentenced as career offenders or alters our holding in *Anderson.* Ramirez's plea agreement was made pursuant to Federal Rule of Criminal Procedure 11(c)(1)(B) and did not contain an agreement concerning the application of a particular guideline or sentencing range.

Because the district court correctly determined that Ramirez was ineligible for a reduction under § 3582(c)(2), the district court was not required to proceed to the second step to determine whether the § 3553(a) sentencing factors warranted a sentence reduction. *See Dillon*, 130 S. Ct. at 2691-92. The district court did not err or otherwise abuse its discretion in denying Ramirez's § 3582(c)(2) motion due to his career offender status. *See United States v. Doublin*, 572 F.3d 235, 237-38 (5th Cir. 2009); *Anderson*, 591 F.3d at 791.

AFFIRMED.