# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

November 12, 2020

Lyle W. Cayce
Clerk

No. 19-40452

UNITED STATES OF AMERICA,

*Plaintiff—Appellee*,

*versus*

DANIEL RAY RAMIREZ,

*Defendant—Appellant*.

Appeal from the United States  District Court
for the Southern District of Texas
No. 6:04-cr-00082

Before GRAVES, COSTA, and ENGELHARDT, *Circuit Judges*.
PER CURIAM:*

Defendant-Appellant, Daniel Ray Ramirez, appeals the district court's denial of his motion for sentence reduction filed pursuant to section 404 of the First Step Act of 2018, Pub. L. 115-391, § 404, 132 Stat. 5194–249 (2018), and the denial of his related motion for reconsideration.  The First Step Act allows defendants who were convicted and sentenced for certain

---

* Pursuant to 5TH CIRCUIT RULE 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIRCUIT RULE 47.5.4.

No. 19-40452

offenses involving cocaine base ("crack"), prior to the effective date of the Fair Sentencing Act of 2010, to be resentenced as if the reduced statutory penalties implemented by the Fair Sentencing Act of 2010 were in place at the time the offenses were committed.

## I.

In 2005, Ramirez pleaded guilty to possession of a firearm after a felony conviction (18 U.S.C. § 922(g)(1) and 18 U.S.C. § 924(a)(2)); possessing with intent to distribute 11 grams of cocaine base (21 U.S.C. § 841(a)(1) and § 841(b)(1)(B)); and possessing a firearm in furtherance of a drug trafficking crime (18 U.S.C. § 924(c)(1)(A)(i)). In August 2005, he was sentenced to 262 months of imprisonment and five years of supervised release. More specifically, his term of imprisonment consisted of 120 months on the felon in possession conviction, 202 months on the cocaine base conviction, to run concurrently, and 60 months on the § 924(c) conviction, to run consecutively.

In early 2019, Ramirez filed a motion to reduce his sentence under the First Step Act and 18 U.S.C. § 3582(c), seeking to remove his career offender status and to be sentenced according to the new crack cocaine guidelines. The district court denied the motion. This appeal followed.

## II.

The First Step Act of 2018 was enacted to remedy a gap left open by the Fair Sentencing Act of 2010 and various amendments to the United States Sentencing Guidelines relative to sentences imposed for certain crack offenses. In 2010, Congress enacted the Fair Sentencing Act in order to, among other things, reduce the disparity in treatment of crack and powder cocaine offenses by increasing the threshold quantities of crack required to trigger the mandatory minimum sentences under 21 U.S.C. § 841(b)(1)(A) and (B). *See* Fair Sentencing Act of 2010, Pub. L. No. 111-220, § 2, 124 Stat.

2

2372 (2010). Specifically, section 2 of the Fair Sentencing Act "increased the drug amounts triggering mandatory minimums for crack trafficking offenses from 5 grams to 28 grams in respect to the 5-year minimum and from 50 grams to 280 grams in respect to the 10-year minimum." *Dorsey v. United States*, 567 U.S. 260, 269 (2012). In effect, section 2 "reduc[ed] the crack-to-powder cocaine disparity from 100–to–1 to 18–to–1." *Id.* at 264. Section 3 of the Fair Sentencing Act "eliminated a mandatory minimum sentence for simple possession of cocaine base." *United States v. Hegwood*, 934 F.3d 414, 418 (5th Cir.), *cert. denied*, 140 S. Ct. 285 (2019). The Fair Sentencing Act additionally instructed the Sentencing Commission to "make such conforming amendments to the Federal [S]entencing [G]uidelines as the Commission determines necessary to achieve consistency with other guideline provisions and applicable law." Pub. L. No. 111-220, § 8(2), 124 Stat. at 2374.

Importantly, the Fair Sentencing Act's statutory changes were *not* retroactive. *United States v. Jackson*, 945 F.3d 315, 318 (5th Cir. 2019), *cert. denied*, 140 S. Ct. 2699 (2020). As a result, sentence modifications based on Sentencing Guideline amendments that were implemented pursuant to the Fair Sentencing Act remained unavailable to (1) persons whose sentences were restricted by pre-Fair Sentencing Act statutory minimums; and (2) persons ineligible under 18 U.S.C. § 3582(c)(2) by virtue of having being sentenced as career offenders, pursuant to U.S.S.G. §4B1.1, "based on" higher guideline ranges than the reduced drug quantity guideline ranges in U.S.S.G. § 2D1.1. *See e.g., United States v. Stewart,* 964 F.3d 433, 436 (5th Cir. 2020) (citing U.S.S.G. §1B1.10, cmt. 1); *United States v. Quintanilla*, 868 F.3d 315, 318(5th Cir. 2017).

On December 21, 2018, however, the First Step Act of 2018 became law, introducing a number of criminal justice reforms. Pertinent here, section 404 of the First Step Act concerns retroactive application of the Fair

No. 19-40452

Sentencing Act of 2010. Pub. L. No. 115-391, § 404(b), 132 Stat. at 5222.[1] Specifically, section 404 gives courts the discretion to retroactively apply the Fair Sentencing Act to reduce a prisoner's sentence for certain covered offenses. *Hegwood*, 934 F.3d at 418 ("It is clear that the First Step Act grants a district judge limited authority to consider reducing a sentence previously imposed."). A defendant is eligible for a sentence reduction under the First Step Act if: (1) he committed a "covered offense"; (2) his sentence was not previously imposed or reduced pursuant to the Fair Sentencing Act; and (3) he did not previously file a motion under the First Step Act that was denied on the merits. *Id.* at 416–17.

A "covered offense" within the meaning of the First Step Act is "a violation of a Federal criminal statute, the statutory penalties for which were

---

[1] Section 404 of the First Step Act of 2018 provides:

(a) DEFINITION OF COVERED OFFENSE.—In this section, the term "covered offense" means a violation of a Federal criminal statute, the statutory penalties for which were modified by section 2 or 3 of the Fair Sentencing Act of 2010 (Public Law 111–220; 124 Stat. 2372), that was committed before August 3, 2010.

(b) DEFENDANTS PREVIOUSLY SENTENCED.—A court that imposed a sentence for a covered offense *may*, on motion of the defendant, the Director of the Bureau of Prisons, the attorney for the Government, or the court, *impose* a reduced sentence as if sections 2 and 3 of the Fair Sentencing Act of 2010 (Public Law 111–220; 124 Stat. 2372) were in effect at the time the covered offense was committed.

(c) LIMITATIONS.—No court shall entertain a motion made under this section to reduce a sentence if the sentence was previously imposed or previously reduced in accordance with the amendments made by sections 2 and 3 of the Fair Sentencing Act of 2010 (Public Law 111–220; 124 Stat. 2372) or if a previous motion made under this section to reduce the sentence was, after the date of enactment of this Act, denied after a complete review of the motion on the merits. Nothing in this section shall be construed to require a court to reduce any sentence pursuant to this section.

Pub. L. No. 115-391, § 404, 132 Stat. at 5222 (emphasis added).

No. 19-40452

modified by section 2 or 3 of the Fair Sentencing Act of 2010, that was committed before August 3, 2010." Pub. L. No. 115-391, § 404(a), 132 Stat. at 5222. Whether a defendant has a "covered offense" under section 404(a) depends on the statute under which he was convicted, rather than facts specific to the defendant's violation. *Jackson*, 945 F.3d at 319–20. Thus, if a defendant was convicted of violating a *statute* whose penalties were modified by the Fair Sentencing Act, that defendant meets that aspect of a "covered offense." *Id.*

Eligibility for resentencing under the First Step Act does not equate to entitlement. *Id.* at 321. Indeed, the statute expressly states: "Nothing in this section shall be construed to require a court to reduce any sentence pursuant to this section." Pub. L. No. 115-391, § 404(c), 132 Stat. at 5222. To the contrary, the decision whether to wield the resentencing authority granted by the First Step Act is one committed to the court's discretion. *Jackson*, 945 F.3d at 321.

### III.

Ramirez was originally sentenced in 2005, under 21 U.S.C. §§ 841(a)(1), 841(b)(1)(B), based on 11 grams of crack, which prior to the Fair Sentencing Act, had a statutory imprisonment range of 5 to 40 years. In denying Ramirez's First Step Act motion, the district court stated:

> Defendant now moves the Court to reduce his sentence pursuant to the recently-enacted First Step Act, PL 115-015, _____ 2018, 132 Stat. 015. The First Step Act makes retroactive the reforms enacted by the Fair Sentencing Act of 2010, which reduced the disparity between crack and powder cocaine sentences. However, as the Fifth Circuit previously recognized, "The district court correctly determined that Ramirez was sentenced as a career offender and so was not entitled to a sentence reduction because 'the crack cocaine guideline amendments do not apply to prisoners sentenced as

career offenders.'" *United States v. Ramirez*, 541 F. App'x 485, 486 (5th Cir. 2013) (quoting *United States v. Anderson*, 591 F.3d 789, 791 (5th Cir. 2009)). The remaining amendments contained in the First Step Act are not retroactive and also do not benefit Defendant.

Accordingly, Defendant's Motion for a Time Reduction Pursuant to 18 U.S.C. § 3582(c)(1)(B) as to the First Step Act (D.E. 128) is **DENIED**.

Considering the district court's order in light of the foregoing legal principles, it appears that the district court erred in distinguishing the First Step Act's eligibility requirements from those governing earlier amendments of pertinent United States Sentencing Guidelines drug quantity provisions. Accordingly, we VACATE the district court's March 21, 2019 and May 5, 2019 orders and REMAND for further proceedings consistent with this opinion.