# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 19-40117

United States Court of Appeals
Fifth Circuit

**FILED**
August 8, 2019

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

     Plaintiff - Appellee

v.

MICHAEL DEWAYNE HEGWOOD,

     Defendant - Appellant

Appeal from the United States District Court
for the Southern District of Texas

Before HIGGINBOTHAM, SMITH, and SOUTHWICK, Circuit Judges.

LESLIE H. SOUTHWICK, Circuit Judge:

This appeal concerns the First Step Act, in which Congress permitted a sentencing court to "impose a reduced sentence as if . . . the Fair Sentencing Act of 2010 . . . were in effect at the time the covered offense was committed." The issue is whether district courts are authorized to conduct a plenary resentencing, which would include recalculating the Sentencing Guidelines range as if the defendant were being sentenced for the first time under present law, or whether courts are limited to reductions resulting from the Fair Sentencing Act. Concluding that the First Step Act does not allow plenary resentencing, we AFFIRM.

No. 19-40117

## FACTUAL AND PROCEDURAL HISTORY

On July 24, 2008, Michael Dewayne Hegwood was charged with conspiracy and possession with intent to distribute 5 grams or more of cocaine base in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(B)(iii), and 846. He pled guilty on November 12, 2008, pursuant to a plea agreement, to possession with intent to distribute 5 grams or more of cocaine base.

Hegwood admitted to what was in the government's proposed factual basis, which stated he sold approximately 8 grams of cocaine base to a cooperating witness. The cocaine sale was arranged through a phone call that was recorded by law enforcement. The cocaine transaction was recorded by video and audio. The PSR found that Hegwood was responsible for a total of 9.32 grams of cocaine base.

Using the 2008 Guidelines, the PSR calculated Hegwood's total offense level at 31, recommending a term of imprisonment between 188 and 235 months. The PSR calculated his base offense level as 24. U.S.S.G. § 2D1.1(c)(8) (2008). The probation officer recommended a two-level reduction for acceptance of responsibility and a one level reduction for timely notification of his intent to plead guilty.

Relevant to this appeal, the PSR recommended an enhancement under U.S.S.G. § 4B1.1 because Hegwood was determined by the probation officer to be a "career offender." The PSR stated that Hegwood had been convicted of two prior felony controlled-substance offenses, which, combined with his guilty plea to possession with intent to distribute cocaine base, satisfied the career-offender guideline. Under the career-offender guideline his offense level was 34, which, after subtracting the three levels for acceptance of responsibility, resulted in a final offense level of 31. Hegwood was within a criminal-history category of VI, having 20 criminal history points. Hegwood claims, and the government does not seem to dispute, that the career-offender enhancement

2

No. 19-40117

was based on a 2002 conviction for delivery of a controlled substance for which the sentence was one year in jail and a 2007 conviction for delivery of a controlled substance for which the sentence was three years in prison.

In January 2010, Hegwood was sentenced to serve 200 months "after the credit" for 27 months on a related state sentence, with five years of supervised release.  We subsequently dismissed Hegwood's appeal pursuant to *Anders v. California*, 386 U.S. 738 (1967).

In October 2011, Hegwood filed a motion under 28 U.S.C. § 2255 to, among other things, request retroactive application of the Fair Sentencing Act of 2010.  The district court construed the motion as a motion to reduce his sentence under 18 U.S.C. § 3582(c)(2) and denied his motion, stating that he was "deemed a career offender and thus is ineligible under" Section 3582(c)(2). Hegwood filed again to apply the new Sentencing Guidelines retroactively, which the district court denied in June 2016.

In January 2019, Hegwood filed a motion for appointment of counsel and a sentencing hearing.  In that motion, Hegwood invoked the First Step Act of 2018, which allowed the court to reduce his sentence by making the Fair Sentencing Act of 2010 retroactive.  The effect would be to change his Guidelines range to 151-188 months, less than his original 200-month sentence.  In addition, the motion argued that after *United States v. Tanksley*, 848 F.3d 347, 352 (5th Cir.), *opinion supplemented*, 854 F.3d 284 (5th Cir. 2017), he no longer qualified for the career-offender enhancement.  Without that enhancement, his Guidelines range would be reduced to 77-96 months.

In February 2019, the probation office issued a "First Step Act Addendum to the Presentence Report," which concluded that a statutory mandatory minimum penalty was no longer applicable and that the statutory range of imprisonment for Hegwood was now zero to twenty years.  The PSR Addendum calculated Hegwood's new offense level at 32, which includes a

3

No. 19-40117

career offender enhancement and credit for acceptance of responsibility. The Guidelines range was therefore 151-188 months. The PSR recounted Hegwood's post-sentencing conduct and noted that the court should consider the 18 U.S.C. § 3553(a) factors in determining whether a reduction is warranted and the extent of such reduction. Hegwood responded, arguing that since new caselaw meant none of his prior convictions would justify a career-offender enhancement, his Guidelines range should be 77-96 months.

After a hearing, the district court left the career-offender enhancement in place, holding it was "going to resentence [Hegwood] on the congressional change and that alone." The court then sentenced Hegwood to 153 months in prison, which, consistent with the previous sentence, was imposed after the credit for the related state offense and was 96 percent of the original top-of-Guidelines range.

## DISCUSSION

On December 21, 2018, the First Step Act of 2018 became law, introducing a number of criminal justice reforms. *See generally* First Step Act of 2018, Pub. L. No. 115-391, 132 Stat. 5194, 5194-249 (2018). Applicable here, Section 404 of the First Step Act concerns the "application of [the] Fair Sentencing Act" of 2010. *Id.* at 5222. Section 404 provides:

> (a) DEFINITION OF COVERED OFFENSE.—In this section, the term "covered offense" means a violation of a Federal criminal statute, the statutory penalties for which were modified by section 2 or 3 of the Fair Sentencing Act of 2010 (Public Law 111–220; 124 Stat. 2372), that was committed before August 3, 2010.

> (b) DEFENDANTS PREVIOUSLY SENTENCED.—A court that imposed a sentence for a covered offense may, on motion of the defendant, the Director of the Bureau of Prisons, the attorney for the Government, or the court, impose a reduced sentence as if sections 2 and 3 of the Fair Sentencing Act of 2010 (Public Law

4

No. 19-40117

111–220; 124 Stat. 2372) were in effect at the time the covered offense was committed.

(c) LIMITATIONS.—No court shall entertain a motion made under this section to reduce a sentence if the sentence was previously imposed or previously reduced in accordance with the amendments made by sections 2 and 3 of the Fair Sentencing Act of 2010 (Public Law 111–220; 124 Stat. 2372) or if a previous motion made under this section to reduce the sentence was, after the date of enactment of this Act, denied after a complete review of the motion on the merits. Nothing in this section shall be construed to require a court to reduce any sentence pursuant to this section.

*Id.*

The government argues the First Step Act of 2018 is clear that the only permissible reductions are those that result from the operation of the 2010 Fair Sentencing Act, which reduced sentences for certain cocaine drug offenses.

The underlying facts are not in dispute, leaving us to decide only the meaning of a federal statute. For that interpretive task, we have *de novo* review. *See United States v. Kaluza*, 780 F.3d 647, 653 (5th Cir. 2015). The parties do not dispute that Hegwood's offense is covered by Section 404(a). Section 2 of the Fair Sentencing Act amended 21 U.S.C. § 841(b)(1)(B)(iii) by increasing the cocaine base amount for the statutory imprisonment range of 5 to 40 years from 5 grams to 28 grams. *See* Fair Sentencing Act of 2010, Pub. L. No. 111-220, § 2, 124 Stat. 2372, 2372 (2010). Hegwood committed his offense under that statute in May 2007, prior to the Fair Sentencing Act. The Fair Sentencing Act caused the statutory maximum for Hegwood's sentence to be reduced from 40 years to 20 years. *Compare* 21 U.S.C. § 841(b)(1)(C), *with* 21 U.S.C. § 841(b)(1)(B)(iii). The Guidelines range is now 151-188 months.

The district court's error, Hegwood claims, is that it did not apply our *Tanksley* decision to remove his career-offender enhancement, making his

Guidelines range 77-96 months.  For the district court to have erred, then, the First Step Act would have to encompass a broad resentencing rather than a reduction solely based on the Fair Sentencing Act.

Hegwood's argument has several components.  He considers it to be significant that Section 404(b) of the First Step Act requires the district court to "impose" a reduced sentence, rather than to "modify" one.  The word "impose" is used elsewhere to describe the original sentencing of a defendant: a "court, in determining whether to impose a term of imprisonment . . . shall consider the factors set forth in section 3553(a)."  18 U.S.C. § 3582(a).  Section 3553(a) directs that a district court, "in determining the particular sentence to be imposed, shall consider . . . the kinds of sentence and the sentencing range established for . . . the applicable category of offense committed by the applicable category of defendant as set forth in the guidelines."  18 U.S.C. § 3553(a).  Hegwood argues that because Congress used the word "impose," the district court is required to calculate his Guidelines offense level anew, which would include recalculating his career-offender enhancement.

Hegwood contrasts 18 U.S.C. § 3582(c), which directs that a court may "modify a term of imprisonment once it has been imposed" only in certain specific instances, which he argues is support for giving distinct meanings to "modify" and "impose" in the sentencing context.  Furthermore, Hegwood refers to the section of the Sentencing Guidelines governing reducing sentences under Section 3582(mc) due to amended Guidelines.  It states that the new proceedings "do not constitute a full resentencing of the defendant."  U.S.S.G. § 1B1.10(a)(3).  Tying all this together, Hegwood argues that a new sentence under the First Step Act requires a Guidelines calculation to be made that is correct as of the time of the new sentencing, and Section 3553(a) factors are to be applied anew.

No. 19-40117

When we interpret a statute, we start with the text. *See POM Wonderful LLC v. Coca-Cola Co.*, 573 U.S. 102, 113 (2014). Beginning in Section 404(a), the First Step Act's application is limited to a "'covered offense' [which] means a violation of a Federal criminal statute, the statutory penalties for which were modified by section 2 or 3 of the Fair Sentencing Act of 2010." 132 Stat. at 5222. Section 404(b) then states that the court *may* reduce a sentence for a covered offense, giving it discretion. Section 404(b) then sets the ground rules: the reduced sentence may be imposed "as if sections 2 and 3 of the Fair Sentencing Act of 2010 . . . were in effect at the time the covered offense was committed." *Id.* (citation omitted). Section 2 of the Fair Sentencing Act increases the amount of cocaine base required to impose certain mandatory minimum sentences, which the act titled "Cocaine Sentencing Disparity Reduction." *See* Fair Sentencing Act § 2. Section 3 eliminated a mandatory minimum sentence for simple possession of cocaine base. *See id.* § 3.

It is clear that the First Step Act grants a district judge limited authority to consider reducing a sentence previously imposed. The calculations that had earlier been made under the Sentencing Guidelines are adjusted "as if" the lower drug offense sentences were in effect at the time of the commission of the offense. That is the only explicit basis stated for a change in the sentencing. In statutory construction, the expression of one thing generally excludes another. *TRW Inc. v. Andrews*, 534 U.S. 19, 28-29 (2001). The express back-dating only of Sections 2 and 3 of the Fair Sentencing Act of 2010 — saying the new sentencing will be conducted "as if" those two sections were in effect "at the time the covered offense was committed" — supports that Congress did not intend that other changes were to be made as if they too were in effect at the time of the offense.

These limits make the First Step Act similar to Section 3582(c), which opens the door only slightly for modification of previously imposed sentences

for certain specified reasons, including the lowering by the Sentencing Commission of the sentencing range that was in effect for the defendant at the time of initial sentencing. 18 U.S.C. § 3582(c)(2). The Supreme Court held that "Section 3582(c)(2)'s text, together with its narrow scope, shows that Congress intended to authorize only a limited adjustment to an otherwise final sentence and not a plenary resentencing proceeding." *Dillon v. United States*, 560 U.S. 817, 826 (2010).

We do not see any conflict in this interpretation of Section 404 of the First Step Act with the provisions of 18 U.S.C. §§ 3582 and 3553. The district court under Section 3582(a) is only required to consider the Section 3553(a) factors "to the extent that they are applicable." The government, relying on the fact that the First Step Act gives the court discretion whether to reduce a sentence, argues that the ordinary Section 3553(a) considerations apply to determine whether to reduce the defendant's sentence.

The mechanics of First Step Act sentencing are these. The district court decides on a new sentence by placing itself in the time frame of the original sentencing, altering the relevant legal landscape only by the changes mandated by the 2010 Fair Sentencing Act. The district court's action is better understood as imposing, not modifying, a sentence, because the sentencing is being conducted as if all the conditions for the original sentencing were again in place with the one exception. The new sentence conceptually substitutes for the original sentence, as opposed to modifying that sentence.

The district court committed no error in continuing to apply the career-criminal enhancement when deciding on a proper sentence for Hegwood.

AFFIRMED.