**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 19-7353**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

FREDDIE LEE CURRY, a/k/a King of da Hood, a/k/a Rat,

Defendant - Appellant.

Appeal from the United States District Court for the District of South Carolina, at Aiken. Margaret B. Seymour, Senior District Judge.  (1:08-cr-00729-MBS-4)

Submitted:  January 31, 2020                                  Decided:  February 5, 2020

Before WILKINSON and NIEMEYER, Circuit Judges, and SHEDD, Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

Freddie Lee Curry, Appellant Pro Se.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Freddie Lee Curry appeals the district court's order granting his motion for a sentence reduction pursuant to the First Step Act of 2018, Pub. L. No. 115-391, 132 Stat. 5194 ("FSA"). Curry asserts that, when calculating his amended Guidelines range, the district court improperly considered his relevant conduct for drug quantity purposes. As such, he contends that his Guidelines range should have been lower, based only upon the drug amount found by the jury. Specifically, he asserts that the district court violated *Apprendi v. New Jersey,* 530 U.S. 466 (2000), and *Alleyne v. United States,* 570 U.S. 99 (2013). We affirm.

*Apprendi* held "[o]ther than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt." 530 U.S. 466, 490 (2000). *Alleyne* went a step further, declaring, "[m]andatory minimum sentences increase the penalty for a crime. It follows, then, that any fact that increases the mandatory minimum is an 'element' that must be submitted to the jury." 570 U.S. at 102. Curry asserts that *Apprendi* and *Alleyne* mandated that his Guidelines range be recalculated without consideration of his relevant conduct.

However, *Alleyne* and *Apprendi* have no application to Curry's sentence in this case. The district court's drug quantity determination at the original sentencing (and upon consideration of his FSA motion) did not increase Curry's statutory mandatory minimum or maximum sentence, but rather was used only to determine his advisory Guidelines range.

2

*Alleyne* itself recognized that "broad sentencing discretion, informed by judicial factfinding, does not violate the Sixth Amendment." 570 U.S. at 116.

When considering Curry's FSA motion, the district court correctly found that Curry was eligible for a sentencing reduction under the FSA, given the change in his statutory sentencing range based upon the drug quantity found by the jury. *See United States v. Wirsing*, 943 F.3d 175, 185-86 (4th Cir. 2019). However, in determining whether to grant the motion and the extent of the reduction, the district court is not required to calculate an amended Guidelines range without consideration of relevant conduct. Instead, the Sentencing Guidelines calculations are simply adjusted "as if" the current lower drug offense sentences were in effect at the time of the commission of the offense. *United States v. Hegwood*, 934 F.3d 414, 417-19 (5th Cir. 2019).

Accordingly, we affirm. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*