# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 19-50835
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**
February 12, 2020

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

GREGORY DAMON ROSS,

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Texas
USDC No. 1:14-CR-178-1

Before HAYNES, GRAVES, and ENGELHARDT, Circuit Judges.

PER CURIAM:[*]

Gregory Damon Ross, federal prisoner # 36747-380, is serving two consecutive 60-month sentences for possession of a controlled substance with intent to distribute, in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(B), and possession of firearms in furtherance of a drug trafficking crime, in violation of 18 U.S.C. § 924(c). In 2019, he filed a motion to reduce his sentence pursuant to Section 403 and 404 of the First Step Act, Pub. L. No. 115-391, 132 Stat.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 19-50835

5194 (2018), and *United States v. Davis*, 139 S. Ct. 2319 (2019).  The district court denied the motion.

Ross appeals and moves for leave to proceed in forma pauperis (IFP) following the district court's certification that the appeal was not taken in good faith.  To proceed IFP, Ross must demonstrate financial eligibility and a nonfrivolous issue for appeal.  *See Carson v. Polley*, 689 F.2d 562, 586 (5th Cir. 1982).  In determining whether a nonfrivolous issue exists, this court's inquiry "is limited to whether the appeal involves legal points arguable on their merits (and therefore not frivolous)."  *Howard v. King*, 707 F.2d 215, 220 (5th Cir. 1983) (internal quotation marks and citation omitted).

Ross fails to meet this standard.  Section 404 of the First Step Act does not apply because a covered offense must be committed before August 3, 2010, and Ross committed his § 841 offense on or about May 1, 2014.  First Step Act, § 404(a), 132 Stat. at 5222; *see United States v. Hegwood*, 934 F.3d 414, 416 (5th Cir.), *cert. denied*, 140 S. Ct. 285 (2019).  Further, *Davis* does not apply because it concerns only the constitutionality of the crime of violence definition in the residual clause of § 924(c)(3)(B).  *See Davis*, 139 S. Ct. at 2325-26, 2336. Ross was indicted for possession of firearms in furtherance of a drug trafficking crime, not a crime of violence.  Finally, the First Step Act's changes to consecutive sentencing on § 924(c) counts are inapplicable to Ross.  *See Davis*, 139 S. Ct. at 2324-25 and n.1; § 403(b), 132 Stat. at 5221-22, esp. 5222.

Accordingly, Ross's motion to proceed IFP is DENIED and the appeal is DISMISSED as frivolous.  *See Baugh v. Taylor*, 117 F.3d 197, 202 & n.24 (5th Cir. 1997); *Howard*, 707 F.2d at 220; 5TH CIR. R. 42.2.