NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 19-2824
_____

UNITED STATES OF AMERICA

v.

DARRYL E. COLEMAN,
a/k/a T; a/k/a Tubbs; a/k/a D,

Appellant

_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. Criminal Action No. 2-96-cr-00539-001)
District Judge:  Honorable Harvey Bartle, III

_____

Submitted for Possible Dismissal Due to a Jurisdictional Defect and
Possible Summary Action Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
February 13, 2020

Before:  AMBRO, GREENAWAY, JR., and BIBAS, Circuit Judges

(Opinion filed: February 25, 2020)
_____

OPINION[*]
_____

PER CURIAM

Darryl Coleman appeals from the District Court's order denying his motion for

_____

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

appointment of counsel.  We will summarily affirm the District Court's order.  See 3d

Cir. L.A.R. 27.4 (2011); 3d Cir. I.O.P. 10.6 (2018).

I.

Coleman is currently serving a life sentence for his leadership role in a drug

conspiracy.[1]  At sentencing, the District Court found that Coleman was responsible for

more than 150 kilograms of powder cocaine and 1.5 kilograms of crack cocaine.  We

affirmed his convictions and sentence.  United States v. Coleman, C.A. No. 97-1737

(Aug. 26, 1999).  Coleman's post-judgment motions were unsuccessful.

In July 2019, Coleman filed in the District Court a motion for appointment of

counsel.  He sought assistance to file an application for relief under Section 404 of the

First Step Act of 2018 ("FSA"), Pub. L. No. 115-391, 132 Stat. 5194 (2018).  Section 404

gives retroactive effect to provisions of the Fair Sentencing Act of 2010, Pub. L. 111-220,

124 Stat. 2372 (2010), that increased the drug quantities necessary to trigger mandatory

minimum and maximum penalties for crack-cocaine offenses.  See United States v.

Hegwood, 934 F.3d 414, 417 (5th Cir. 2019).  Coleman attached to his counsel motion a

letter from the Federal Community Defender Office for the Eastern District of

Pennsylvania declining to file a Section 404-based application on his behalf because, it

concluded, "with the two-level reduction there is no change in the sentencing range

which remains at life."  Mot., Attach. D., ECF No. 1250.  Coleman disagreed with the

---

[1] In 1997, a jury found Coleman guilty of numerous crimes including conspiracy to distribute cocaine, bribery of a public official, continuing a criminal enterprise, and

Federal Community Defender Office's assessment and sought new counsel to assist him with a Section 404-based application.

The District Court denied Coleman's motion, declining to appoint counsel "[b]ecause any motion for reduction of sentence under the First Step Act would be unsuccessful." Order 2, ECF No. 1253. Acknowledging the letter from the Federal Community Defender, the District Court expressed that Coleman "is not entitled to a court appointed attorney for a second legal opinion." Id. Coleman appealed.

## II.

We have jurisdiction under 28 U.S.C. § 1291. See Isidor Paiewonsky Assoc., Inc. v. Sharp Props., Inc., 998 F.2d 145, 150-51 (3d Cir. 1993). We review the District Court's order denying Coleman's counsel motion for abuse of discretion. See Houser v. Folino, 927 F.3d 693, 697 (3d Cir. 2019). We may affirm on any grounds supported by the record. See Nicini v. Morra, 212 F.3d 798, 805 (3d Cir. 2000) (en banc).

## III.

A district court assessing a counsel motion first determines whether the litigant's case has arguable merit. See Tabron v. Grace, 6 F.3d 147, 155 (3d Cir. 1993). If that threshold is met, the court then considers a non-exhaustive list of several additional factors. See id. at 155-57.

Even assuming that there is arguable merit to Coleman's anticipated application for relief under Section 404 of the FSA, the District Court did not abuse its discretion in

money laundering.

3

denying the motion for appointment of counsel. There is no good reason to appoint counsel to brief a pure question of law that Coleman already competently presented in his counsel motion. See Montgomery v. Pinchak, 294 F.3d 492, 501 (3d Cir. 2002) ("Perhaps the most significant of Tabron's post-threshold factors is the plaintiff's ability to present his or her case.").

The order of the District Court is thus affirmed. See 3d Cir. L.A.R. 27.4 (2011); 3d Cir. I.O.P. 10.6 (2018).