# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 19-20261
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**
April 13, 2020

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

MARVIN CESAR CARABALI-DIAZ, also known as Alex Omar Aponte-Ortiz,

Defendant-Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:11-CR-1-5

Before SMITH, DENNIS, and DUNCAN, Circuit Judges.

PER CURIAM:[*]

Marvin Cesar Carabali-Diaz, federal prisoner # 05117-280, appeals the district court's denial of his 18 U.S.C. § 3582(c) motion seeking a reduction in his 235-month sentence arising from multiple 2010 convictions. In his motion, Carabali-Diaz argued that his sentence should be reduced pursuant to Section 401 of the First Step Act, PUB. L. NO. 115-391, § 401, 132 STAT. 5194, at 5220-21 (2018).

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 19-20261

In his pro se initial appellate brief, Carabali-Diaz argues that his trial counsel rendered ineffective assistance by failing to challenge his indictment; he was improperly charged with multiple offenses under 18 U.S.C. § 924(c) based on his possession of a single firearm in furtherance of two simultaneous crimes; and § 924(c) is unconstitutional in light of *Johnson v. United States*, 135 S. Ct. 2551 (2015). Because these issues were not raised in the district court in connection with Carabali-Diaz's § 3582(c) motion, we will not review them for the first time in this appeal. *See Yohey v. Collins*, 985 F.2d 222, 225 (5th Cir. 1993). In any event, these issues are not appropriate for consideration in an appeal of a § 3582(c) sentence-modification proceeding. *See United States v. Hernandez*, 645 F.3d 709, 712 (5th Cir. 2011); *United States v. Shaw*, 30 F.3d 26, 29 (5th Cir. 1994).

In his reply brief, Carabali-Diaz renews his assertion from the district court that he is entitled to relief under Section 401 of the First Step Act, which he describes as retroactively reducing his mandatory minimum prison sentence to 15 years. Carabali-Diaz also asserts for the first time that he qualifies for unspecified relief under retroactive provisions of Sections 403 and 404 of the First Step Act. Because these claims relating to the First Step Act were not raised in his initial brief, we will not consider them for the first time in this reply brief. *See Yohey*, 985 F.2d at 225. In any event, Sections 401 and 403 of the First Step Act do not apply to Carabali-Diaz because he was sentenced before the statute's enactment on December 21, 2018. *See* 132 STAT. 5194, at 5220-22. Section 404 is likewise inapplicable here because Carabali-Diaz's drug offenses were not committed prior to August 3, 2010. *See* 132 STAT. 5194, at 5222; *United States v. Hegwood*, 934 F.3d 414, 418 (5th Cir.), *cert. denied*, 140 S. Ct. 285 (2019).

In light of the foregoing, the judgment of the district court is AFFIRMED.