# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**FILED**
June 29, 2020

Lyle W. Cayce
Clerk

No. 19-11296
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

JUAN PEDRO GARZA, JR., also known as El Comanche,

Defendant-Appellant

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:11-CR-133-1
USDC No. 4:19-CV-945

Before DAVIS, SMITH, and HIGGINSON, Circuit Judges.

PER CURIAM:*

Juan Pedro Garza, Jr., federal prisoner # 43408-177, pleaded guilty in 2011 to unlawful possession of a machine gun, in violation of 18 U.S.C. § 922(o), and possession with intent to distribute 50 grams or more of methamphetamine, in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(A)(viii). The district court sentenced Garza in 2012 to 120 months of imprisonment on the

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

firearm charge and 235 months of imprisonment on the drug charge to run concurrently.  In 2016, the district court reduced Garza's term of imprisonment on the drug charge to 188 months pursuant to 18 U.S.C. § 3582(c)(2).

Now Garza appeals the denial of his motion to reduce his sentence under the First Step Act.  He argues that the district court abused its discretion in denying his motion under the First Step Act's provision broadening the existing safety valve because he does not have more than four criminal history points.

The district court did not exercise its discretion in denying Garza's motion but denied it on the basis that he was ineligible based on the terms of the statute because he was convicted before the effective date of the provision in question; thus, we review de novo.  *See United States v. Jackson,* 945 F.3d 315, 319 (5th Cir. 2019), *cert. denied,* 2020 WL 1906710 (U.S. Apr. 20, 2020) (No. 19-8036).

The First Step Act amended the safety-valve provision of 18 U.S.C. § 3553(f), which permits courts to disregard statutory mandatory minimum sentences under certain circumstances.  *See* § 402, 132 Stat. 5194, 5221. However, the amendments "apply only to a conviction entered on or after the date of enactment of this Act."  § 402(b).  The First Step Act became law on December 21, 2018. *See United States v. Hegwood*, 934 F.3d 414, 416 (5th Cir.), *cert. denied*, 140 S. Ct. 285 (2019).  Thus, the safety-valve provision of the First Step Act in § 402 does not apply to Garza.  *See United States v. Cantu Hernandez*, 787 F. App'x 849 (5th Cir. 2019). The district court did not err.

AFFIRMED.