# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

November 16, 2020

Lyle W. Cayce
Clerk

No. 20-50088
Summary Calendar

UNITED STATES OF AMERICA,

*Plaintiff—Appellee*,

*versus*

KENNETH JACKSON, *also known as* KENNETH DEWAYNE JACKSON,

*Defendant—Appellant*.

Appeals from the United States District Court
for the Western District of Texas
USDC No. 1:09-CR-555-1

Before HIGGINBOTHAM, JONES, and COSTA, *Circuit Judges*.

PER CURIAM:*

Kenneth Jackson, who is represented by the Federal Public Defender, appeals the denial of his motion for a reduction of sentence under the First Step Act of 2018 (First Step Act). Jackson was convicted in 2010 of possession with intent to distribute cocaine base, in violation of 21 U.S.C.

---

* Pursuant to 5TH CIRCUIT RULE 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIRCUIT RULE 47.5.4.

No. 20-50088

§ 841(a)(1) and (b)(1)(B)(iii).  The Government gave notice, pursuant to 21 U.S.C. § 851, that it intended to seek enhanced penalties under § 841(b)(1)(B) based on Jackson's two prior felony drug convictions. Although Jackson was found to be a career offender, and his guidelines range was calculated based on the career offender guideline, U.S.S.G. § 4B1.1, he was sentenced below the guidelines range to 180 months of imprisonment.

In denying Jackson's motion for a reduction of sentence under the First Step Act, the district court concluded that Jackson was eligible for a reduction but that no further reduction was warranted because, inter alia, Jackson's 180-month sentence was below the amended guidelines range of 188 to 235 months of imprisonment.

Jackson argues that the district court erred by denying his motion for a sentence reduction under the First Step Act because, if sentenced under current law, he would no longer qualify as a career offender, and his guidelines range would be 46 to 57 months of imprisonment.  He concedes, however, that his argument that the district court erred by not reconsidering his career offender status is foreclosed by *United States v. Hegwood*, 934 F.3d 414, 418 (5th Cir.), *cert. denied*, 140 S. Ct. 285 (2019), and he raises the issue to preserve it for further review.

The Government, in response, has filed an unopposed motion for summary affirmance and alternatively requests an extension of time to file a brief.  Given that Jackson concedes that the sole issue he raises is foreclosed, summary affirmance is appropriate.  *Groendyke Transp., Inc. v. Davis*, 406 F.2d 1158, 1162 (5th Cir. 1969).

Accordingly, the Government's motion for summary affirmance is GRANTED, the Government's alternative motion for an extension of time to file a brief is DENIED as moot, and the judgment of the district court is AFFIRMED.