# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

December 4, 2020

Lyle W. Cayce
Clerk

No. 20-30099
Summary Calendar

United States of America,

*Plaintiff—Appellee*,

*versus*

Timothy D. Brown,

*Defendant—Appellant*.

Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 1:01-CR-10012-1

Before Clement, Higginson, and Engelhardt, *Circuit Judges*.

Per Curiam:[*]

In May 2002, Timothy D. Brown was convicted by jury verdict of one count of drug conspiracy, one count of possession with intent to distribute, three counts of drug distribution, and three counts of money laundering. The district court sentenced him to life imprisonment, five years of supervised

---

[*] Pursuant to 5th Circuit Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Circuit Rule 47.5.4.

release, and a $600,000 fine. Brown now appeals from the district court's denial of relief under the First Step Act of 2018 (FSA).

On appeal, Brown argues that (1) the discretionary part of the FSA is unconstitutional because it violates the Equal Protection and Due Process Clauses; (2) the district court abused its discretion by sentencing him above the statutory maximum that was applicable based on the jury's verdict; (3) the district court should have dismissed this case for lack of jurisdiction because the Government lacked standing to bring these criminal charges against him; and (4) the district court failed to provide sufficient reasons when denying FSA relief. We review the district court's FSA ruling for an abuse of discretion. *United States v. Jackson*, 945 F.3d 315, 319 (5th Cir. 2019), *cert. denied*, 2020 WL 1906710 (U.S. Apr. 20, 2020) (No. 19-8036). To the extent we decide the meaning of, or consider a constitutional challenge to, the FSA, we use de novo review. *United States v. Hegwood*, 934 F.3d 414, 416-17 (5th Cir.), *cert. denied*, 140 S. Ct. 285 (2019); *United States v. Howard*, 766 F.3d 414, 428 (5th Cir. 2014). However, because Brown did not preserve his first two issues, we review them only for plain error. *See Puckett v. United States*, 556 U.S. 129, 135 (2009); *Howard*, 766 F.3d at 428.

In his constitutional challenge, Brown is essentially arguing that a sentencing reduction under the FSA should be mandatory for eligible defendants whose convictions involved cocaine base. We have rejected this argument in the analogous context of 18 U.S.C. § 3582(c)(2) motions based on retroactive amendments to the Sentencing Guidelines' base offense levels for cocaine base. *United States v. Smith*, 595 F.3d 1322, 1323 (5th Cir. 2010); *see also Jackson*, 945 F.3d at 319 n.2 (recognizing that the FSA is similar to § 3582(c)(2)); *Hegwood*, 934 F.3d at 418 (same). In the FSA context, this argument is flatly rejected by the text of the FSA, which specifies that "[n]othing in this section shall be construed to require a court to reduce any

sentence pursuant to this section." First Step Act of 2018, § 404(c), Pub. L. No. 115-391, 132 Stat. 5194, 5222 (2018).

Brown's argument regarding the applicable statutory maximum is not reliant on the Fair Sentencing Act of 2010 (FAIR). Under the FSA, the district court properly proceeded "as if all the conditions for the original sentencing were again in place with the one exception" for the changes mandated by FAIR. *Hegwood*, 934 F.3d at 419. The district court also properly considered Brown's criminal history and role in the offense when denying FSA relief. *See Jackson*, 945 F.3d at 322. Moreover, Brown's jurisdictional challenge is barred under the law of the case doctrine because it was rejected on direct appeal. *See United States v. Brown*, Nos. 02-30021, 02-30459, 02-30514, 03-30375, 2004 WL 243491, at *6 (5th Cir. Feb. 11, 2004) (unpublished); *United States v. Matthews*, 312 F.3d 652, 657 (5th Cir. 2002).

AFFIRMED.