# United States Court of Appeals for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

December 11, 2020

Lyle W. Cayce
Clerk

No. 19-10704
Summary Calendar

Anthony Wayne Lightfoot, Jr.,

*Petitioner—Appellant*,

*versus*

United States of America,

*Respondent—Appellee*.

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:19-CV-447
USDC No. 4:08-CR-3-1

Before Davis, Stewart, and Dennis, *Circuit Judges*.

Per Curiam:*

Anthony Wayne Lightfoot, Jr., federal prisoner # 36905-177, appeals the district court's denial of his 18 U.S.C. § 3582(c)(2) motion pursuant to the First Step Act of 2018; Pub. L. No. 115-391, § 404, 132 Stat. 5194 (2018).

---

* Pursuant to 5th Circuit Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Circuit Rule 47.5.4.

No. 19-10704

Lightfoot seeks a reduction to his sentence of 233 months in prison, imposed following his guilty-plea conviction of possession of more than five grams of cocaine base with intent to distribute, *see* 21 U.S.C. § 841(a)(1), (b)(1)(B)(iii), and Lightfoot's successful § 3582(c)(2) motion based on Amendment 782 to the Sentencing Guidelines.

Section 404 of the First Step Act gives courts the discretion to apply the Fair Sentencing Act of 2010 ("FAIR") to reduce a prisoner's sentence for certain covered offenses. *See United States v. Hegwood*, 934 F.3d 414, 416-17 (5th Cir.), *cert. denied*, 140 S. Ct. 285 (2019); First Step Act of 2018; Pub. L. No. 115-391, § 404, 132 Stat. 5194 (2018). Although this court generally reviews a district court's decision whether to reduce a sentence pursuant to the First Step Act for abuse of discretion, de novo review applies "to the extent the court's determination turns on the meaning of a federal statute such as the [First Step Act of 2018]." *United States v. Jackson*, 945 F.3d 315, 319 & n.2 (5th Cir. 2019) (quotation at 319; internal quotation marks and citation omitted).

Because a reduction under Amendment 782 is not a reduction in accordance with sections 2 and 3 of the Fair Sentencing Act, *United States v. Stewart*, 964 F.3d 433, 439 (5th Cir. 2020), that prior reduction does not bar the district court's consideration of Lightfoot's motion, *see* First Step Act, § 404(c), 132 Stat. 5194, 5222; *Jackson*, 945 F.3d at 318-20. Likewise, Lightfoot's other two prior § 3582(c)(2) motions, filed before the enactment of, and not relying on, the First Step Act, do not render Lightfoot ineligible for a sentence reduction under the Act. *See* First Step Act, § 404(c), 132 Stat. 5194, 5222.

Because Lightfoot's offense of conviction is a covered offense for purposes of the First Step Act of 2018, *see Jackson*, 945 F.3d at 318-20, we VACATE and REMAND the instant matter for the district court to

No. 19-10704

consider, within its discretion, Lightfoot's motion in light of the First Step Act, including changes to the relevant statutory maximum and minimum terms of imprisonment. *See Jackson*, 945 F.3d at 318-20.