**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

_____

UNITED STATES OF AMERICA,

    Plaintiff - Appellee,

v.

CURTIS LEROY ROBERTSON,

    Defendant - Appellant.

No. 20-6014
(D.C. No. 5:07-CR-00056-C-1)
(W.D. Okla.)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **PHILLIPS**, **SEYMOUR**, and **CARSON**, Circuit Judges.
_____

In this appeal, Defendant Curtis Leroy Robertson argues that the district court erred by not recognizing its full discretion to reduce his sentence under the First Step Act of 2018, Pub. L. 115-391, 132 Stat. 5194.

In June 2007, a jury convicted Robertson of four charges: (1) conspiracy to manufacture and to possess with the intent to distribute 50 grams or more of cocaine base (crack cocaine), in violation of 18 U.S.C. §§ 846 and 841(a)(1), (b)(1)(A); (2) possession with the intent to distribute 50 grams or more of cocaine base, in violation of 21 U.S.C. § 841(a)(1), (b)(1)(A); (3) possession of a firearm in furtherance of a drug-trafficking

---

[*] This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

crime, in violation of 18 U.S.C. § 924(c)(1)(A); and (4) felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1).

In September 2007, the district court sentenced Robertson to concurrent terms of statutory life imprisonment on the 21 U.S.C. §§ 841 and 846 counts,[1] sixty consecutive months on the 18 U.S.C. § 924(c) count, and 120 concurrent months on the 18 U.S.C. § 922(g)(1) count. We affirmed the convictions. *See United States v. Robertson*, 297 F. App'x 722 (10th Cir. 2008) (unpublished).

In October 2019, Robertson filed a motion for a sentence reduction under Section 404 of the First Step Act ("Motion"). He argued that by making the Cocaine-Sentencing-Disparity-Reduction provision of the Fair Sentencing Act of 2010 retroactive for covered offenses like his (crack-cocaine offenses for which the Fair Sentencing Act had modified the statutory penalties), the First Step Act gave the district court discretion to undo his mandatory life sentence and to reevaluate his designation as a career offender under U.S.S.G. § 4B1.1. He also argued that the First Step Act gave the district court discretion to lower his sentence after reconsidering the 18 U.S.C. § 3553(a) factors.

In response to this Motion, the district court agreed that Robertson's crack-cocaine convictions were "covered offenses," making him eligible for a reduced sentence under the retroactively applied Fair Sentencing Act. But it exercised discretion only to reduce Robertson's previously imposed statutory mandatory life

---

[1] Before trial, the government filed an Information under 21 U.S.C. § 851 identifying two "felony drug offenses."

sentence. It considered itself lacking discretion to reevaluate Robertson's status as a career offender under U.S.S.G. § 4B1.1. Given that, the court reduced Robertson's sentence to a low-end guideline sentence of 360 months.

The First Step Act authorizes district courts to "impose a reduced sentence as if sections 2 and 3 of the Fair Sentencing Act of 2010 . . . were in effect at the time the covered offense was committed." But before Robertson's First Step Act sentencing in January 2020, our circuit had not decided whether this language allowed district courts discretion to reevaluate a defendant's earlier career-offender designation under U.S.S.G. § 4B1.1. In particular, our circuit had not decided whether a district court could reassess its earlier ruling that a defendant's previous felony convictions qualified as crimes of violence or controlled-substance offenses under § 4B1.1. Nor had our circuit ruled on whether the First Step Act gives district courts discretion to vary downward after reapplying the factors listed at 18 U.S.C. § 3553(a).

Left in this spot, the district court relied on cases from other circuits holding that district courts had no discretion to review a defendant's career-offender designation. Appellant's App. Vol. I at 78 (first citing *United States v. Hegwood*, 934 F.3d 414 (5th Cir.), *cert. denied*, 140 S. Ct. 285 (Mem.) (2019); and then citing *United States v. Wirsing*, 943 F.3d 175 (4th Cir. 2019)). The court did not comment on whether it believed it had discretion to reapply the 18 U.S.C. § 3553(a) factors in setting the sentence.

In September 2020, during the pendency of Robertson's appeal, we decided *United States v. Brown*, 974 F.3d 1137 (10th Cir. 2020), which held that the First Step Act in fact gives district courts discretion to reconsider whether the defendant would still be designated as a career offender in light of "subsequent decisional law that clarifies (not amends) the related career offender provision at issue." *Id*. at 1139–40. In addition, *Brown* cited *United States v. Mannie*, 971 F.3d 1145, 1158 n.11 (10th Cir. 2020) for the proposition that the First Step Act gives district courts discretion to vary downward based on the 18 U.S.C. § 3553(a) factors in a First Step Act proceeding. 974 F.3d at 1146 n.5.

Notably, the defendant in *Brown* had challenged his career-offender status by attacking the same state-felony offense used as a predicate crime of violence to qualify Robertson as a career offender, that is, Oklahoma's pointing-a-firearm felony. *See id.* at 1139, 1140; *see also* Okla. Stat. tit. 21, § 1289.16 (2017). As *Brown* recognized, we have held that this Oklahoma felony no longer qualifies as a violent felony under the Armed Career Criminal Act, 18 U.S.C. § 924(e). *See Brown*, 974 F.3d at 1139, 1141 (citing *United States v. Titties*, 852 F.3d 1257, 1266, 1272, (10th Cir. 2017)). This being so, we remanded in *Brown* for the district court to exercise its discretion to choose whether to reconsider Brown's career-offender status, as well as the appropriateness of his sentence after considering the 18 U.S.C. § 3553(a) factors. *Id*. at 1145–46, 1146 n.5.

Because he is in the same legal position as Brown, Robertson deserves the same relief. Accordingly, we reverse and remand for further proceedings in accordance with this order.

Entered for the Court


Gregory A. Phillips
Circuit Judge

5