[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 20-12216
Non-Argument Calendar
_____

D.C. Docket No. 4:07-cr-00040-RH-MAF-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

CLAYTON SHUNDEL GEE,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Florida
_____

(February 8, 2021)

Before GRANT, LAGOA, and ED CARNES, Circuit Judges.

PER CURIAM:

Clayton Gee appeals the district court's denial of his motion under the First Step Act of 2018[1] to reduce his sentence for his two 18 U.S.C. § 924(c) counts of conviction.

## I.

Gee was convicted in 2007 on seven counts. Relevant to this appeal, Gee was convicted of two counts of possession with intent to distribute marijuana and more than five grams of crack cocaine, in violation of 21 U.S.C. § 841(a)(1), 841(b)(1)(B)(iii), and 841(b)(1)(D) (Counts Two and Five), and two counts of possession of a firearm in connection with a drug trafficking offense, in violation of 18 U.S.C. § 924(c)(1)(A)(i) and 924(c)(1)(C)(i) (Counts Three and Six).

In 2008 the district court sentenced Gee to a total of 480 months imprisonment. It sentenced him to 120 months for Counts Two and Five, to run concurrently; 60 months for Count Three, to run consecutively; and 300 months for Count 6, to run consecutively.

In 2019 Gee moved under the First Step Act for a sentence reduction. He argued that under § 404(b) of the Act he was eligible for a sentence reduction for his crack convictions. He also argued that because he was eligible for that

---

[1] First Step Act of 2018, Pub. L. No. 115-391, 132 Stat. 5194.

reduction, his sentences for his § 924(c) convictions should also be reduced based on current law as changed by § 403 of the First Step Act.

The district court found that under the First Step Act Gee was eligible for a sentence reduction for his crack convictions. It reduced his sentence for those counts to one day. It did not, however, change his sentences for his § 924(c) convictions. It ruled that the First Step Act's changes to § 924(c) were not retroactive, and it left his sentences at 60 months for Count Three and 300 months for Count Six to run consecutively, totaling 360 months and one day.

## II.

Gee contends that the district court erred in ruling that it was not authorized to reduce his sentence for his § 924(c) convictions. He argues that whether the First Step Act's changes to § 924(c) are retroactive is beside the point. Instead, he asserts, the Act's changes to his sentences for crack convictions mean the district court could resentence him for all of his convictions and could do so based on current law.

We review de novo a district court's authority to modify a sentence. United States v. Jones, 962 F.3d 1290, 1296 (11th Cir. 2020). A district court "may not modify a term of imprisonment once it has been imposed" except in limited circumstances, one of which is when it is "expressly permitted by statute." 18 U.S.C. § 3582(c)(1)(B).

3

The First Step Act provides one of those "expressly permitted" sentence modification authorizations. See Jones, 962 F.3d at 1297. It makes retroactive certain changes to sentences for crack convictions, and, as the district court found, those changes apply to Gee. Section 404(b) of the Act authorizes a district court to reduce a defendant's sentence for a "covered offense . . . as if sections 2 and 3 of the Fair Sentencing Act of 2010. . . were in effect at the time the covered offense was committed." First Step Act § 404(b). A "covered offense" is "a violation of a Federal criminal statute, the statutory penalties for which were modified by section 2 or 3 of the Fair Sentencing Act . . . that was committed before August 3, 2010." Id. § 404(a). Section 2 of the Fair Sentencing Act increased the amount of crack cocaine needed to trigger certain statutory penalties for convictions based on, among other provisions, § 841(b)(1)(B)(iii), which is the one Gee was convicted of violating. See Fair Sentencing Act of 2010, Pub. L. No. 111-220, § 2(a), 124 Stat. 2372, 2372.

Because the statutory penalties for Gee's offense had been modified by the Fair Sentencing Act and he had committed the crimes before 2010, the district court was authorized to reduce his sentence for his crack convictions as if §§ 2 and 3 of the Act were in effect when he committed the offense. See Jones, 962 F.3d at 1302. That is what the court did. Nobody challenges that reduction.

But Gee wants more reduction. He argues that because his sentences for crack convictions could be reduced under §404(b) of the First Step Act and § 2 of the Fair Sentencing Act, the district court was also authorized to resentence him on all his convictions. Not only that, he says, the court was authorized to resentence him based on current law, including all changes to the law other than just those in §§ 2 and 3 of the Fair Sentencing Act.[2] Gee's argument boils down to a come one, come all reading of § 404(b) the First Step Act. In his view, if any one of a defendant's convictions was for a "covered offense," then all of his convictions are eligible for resentencing.

Our binding precedent forecloses that argument. See United States v. Denson, 963 F.3d 1080, 1089 (11th Cir. 2020). We have held that the First Step Act "does not authorize the district court to conduct a plenary or de novo resentencing." Id. (citing United States v. Hegwood, 934 F.3d 414, 418 (5th Cir. 2019)); see also United States v. Taylor, 982 F.3d 1295, 1302 (11th Cir. 2020) ("[W]e reiterate that 'the First Step Act does not authorize the district court to conduct a plenary or de novo resentencing.'") (quoting Denson, 963 F.3d at 1089). Instead, the Act allows a district court to reduce a "sentence only on a 'covered

---

[2] The change relevant for Gee's sentence comes from § 403 of the First Step Act, which amended § 924(c)(1)(C). If Gee had been sentenced with § 403 in effect, he would not have been subject to a mandatory minimum of 25 years and his guidelines range would have been lower. But he was sentenced a decade before § 403 went into effect, and that section does not retroactively apply to his sentence. See First Step Act § 403(b). So, standing alone, § 403 does Gee no good.

offense' and only 'as if' sections 2 and 3 of the Fair Sentencing Act were in effect." Denson, 963 F.3d at 1089.  It "is a limited remedy."  Id.

The court "is not free to change the defendant's original guidelines calculations that are unaffected by sections 2 and 3," nor is it free "to change the defendant's sentences on counts that are not 'covered offenses.'"  Id.  Gee's § 924(c) convictions are not "covered offenses" under § 404(b), so that section does not allow him to be resentenced on them.

Gee dismisses that language from Denson as dicta.  It isn't.  It is an alternative holding, and "in this circuit additional or alternative holdings are not dicta, but instead are as binding as solitary holdings."  Bravo v. United States, 532 F.3d 1154, 1162 (11th Cir. 2008); see also Evans v. Ga. Reg'l Hosp., 850 F.3d 1248, 1255 (11th Cir. 2017) ("An alternative holding is not dicta but instead is binding precedent.") (quotation marks omitted and alteration adopted); Kilgore v. Sec'y, Fla. Dep't of Corr., 805 F.3d 1301, 1315 (11th Cir. 2015) ("Moreover, even if we were to say that this was an alternative holding, alternative holdings are binding precedent.").

In Denson we concluded that a defendant does not have a right to be present at a hearing before the court rules on a First Step Act motion for a sentence reduction.  See Denson, 963 F.3d at 1087.  In that case the defendant had argued, among other things, that the two-step framework from United States v. Brown, 879

6

F.3d 1231 (11th Cir. 2018), applied and that it showed the sentence modification allowed by the Act is a "critical stage," entitling him to be present. Denson, 963 F.3d at 1088. We rejected the argument that the Brown framework applied at all. Id. at 1088–89. But we went on to add "[a]lternatively, and as an independent holding," that even assuming Brown applied, a First Step Act sentence modification is not a critical stage. See id. Necessary to that conclusion was our reasoning about the district court's limited scope of authority under § 404(b) of the First Step Act, including the recognition that it did not amount to a sentencing. That part of Denson controls here.

And in any event, even if that alternative holding of Denson were only dicta, it is obviously correct and the only permissible reading of the First Step Act and 18 U.S.C. § 3582(c)(1)(B), and we would follow it.

**AFFIRMED.**