# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**
February 9, 2021

Lyle W. Cayce
Clerk

No. 20-40485
Summary Calendar

UNITED STATES OF AMERICA,

*Plaintiff—Appellee*,

*versus*

DUFORD LEE MITCHELL,

*Defendant—Appellant*.

Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 4:04-CR-106-31

Before CLEMENT, ELROD, and HAYNES, *Circuit Judges*.
PER CURIAM:*

Duford Lee Mitchell, federal prisoner # 11492-078, has filed a motion for leave to proceed in forma pauperis (IFP) on appeal from the district court's denial of his motion for a sentence reduction under Section 404 of the First Step Act of 2018. The district court denied Mitchell's IFP motion

---

* Pursuant to 5TH CIRCUIT RULE 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIRCUIT RULE 47.5.4.

and certified that the appeal had not been taken in good faith. By moving for IFP status, Mitchell is challenging the district court's certification. *See Baugh v. Taylor*, 117 F.3d 197, 202 (5th Cir. 1997).

Mitchell first argues that the district court erred, when making its First Step Act determination, in calculating his guidelines range based upon the amount of drugs for which the jury found him responsible rather than the amount of cocaine base charged in the superseding indictment. This argument lacks merit. Nothing in the First Step Act states that, when the district court is deciding whether to reduce an eligible defendant's sentence under the First Step Act, it must recalculate his base offense level under the Sentencing Guidelines based only upon the drug amount charged in the indictment, *see* First Step Act, § 404, Pub. L. No. 115-391, 132 Stat. 5194, 5222 (2018), and as we made clear in *United States v. Hegwood*, 934 F.3d 414, 415 (5th Cir.), *cert. denied*, 140 S. Ct. 285 (2019), the First Step Act "does not allow plenary resentencing." Likewise unavailing is Mitchell's argument that the district court erred by declining to reduce his prison sentence based on a misconception that it lacked the authority to depart or vary downward below the unchanged guidelines range. *See United States v. Batiste*, 980 F.3d 466, 478 (5th Cir. 2020). Finally, Mitchell has shown no abuse of discretion in connection with his argument that the district court failed to consider the statutory sentencing factors before denying his motion for resentencing. *See id.* at 477-79.

Accordingly, Mitchell has failed to show that his appeal involves "legal points arguable on their merits (and therefore not frivolous)." *Howard v. King*, 707 F.2d 215, 220 (5th Cir. 1983) (internal quotation marks and citations omitted). His motion to proceed IFP is DENIED, and his appeal is DISMISSED as frivolous. *See Baugh*, 117 F.3d at 202 & n.24; 5TH CIR. R. 42.2. His motions for the appointment of counsel and to supplement the record on appeal are also DENIED.