# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**
April 15, 2021

Lyle W. Cayce
Clerk

No. 20-30266
Summary Calendar

United States of America,

*Plaintiff—Appellee*,

*versus*

Steven Hebert,

*Defendant—Appellant*.

Appeal from the United States District Court
for the Eastern District of Louisiana
USDC No. 2:09-CR-154-1

Before Higginbotham, Jones, and Costa, *Circuit Judges*.
Per Curiam:*

Steven Hebert appeals the district court's denial of his motion for a sentence reduction pursuant to the First Step Act of 2018, Pub. L. No. 115-391, 132 Stat. 5194 (2018). Hebert pleaded guilty in 2011 to possessing with intent to distribute 500 grams or more of cocaine hydrochloride, possessing

---

* Pursuant to 5th Circuit Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Circuit Rule 47.5.4.

with intent to distribute 5 grams or more of cocaine base, and possessing firearms after a felony conviction. The district court imposed concurrent sentences of 292 months in prison on each of the drug counts and a concurrent 100-month sentence on the firearms count.

The First Step Act gives district courts discretion to reduce sentences imposed for certain covered offenses. *See United States v. Hegwood*, 934 F.3d 414, 416-17 (5th Cir. 2019), *cert. denied*, 140 S. Ct. 285 (2019). It is undisputed that Hebert's conviction involving possession of cocaine base constitutes a "covered offense" under § 404(a) of the First Step Act but that the convictions involving possession of cocaine hydrochloride and firearms do not. Hebert argues that the district court erred by not engaging in renewed consideration of the factors listed in 18 U.S.C. § 3553(a) and by not adequately explaining its decision. We do not address his claim that the court's decision to deny a sentence reduction was substantively unreasonable because Hebert correctly concedes it is now foreclosed. *See United States v. Batiste*, 980 F.3d 466, 480 (5th Cir. 2020).

A district court's decision whether to reduce a sentence under the First Step Act is generally reviewed for abuse of discretion, although review is de novo to the extent the court's determination turns on the meaning of the statute. *United States v. Jackson*, 945 F.3d 315, 319 & n.2 (5th Cir. 2019), *cert. denied*, 140 S. Ct. 2699 (2020). The defendant has the burden of showing that the district court abused its discretion, which it does if it makes an error of law or bases its decision on a clearly erroneous assessment of the evidence. *See Batiste*, 980 F.3d at 469; *United States v. Larry*, 632 F.3d 933, 936 (5th Cir. 2011).

Like Hebert, the *Batiste* defendant argued that the district court erred by not considering the § 3553(a) factors and not adequately explaining its decision to deny a sentence reduction. *See* 980 F.3d at 477-79. We rejected

these claims, concluding that Batiste had shown no error in the district court's assessment of his request for a reduced term of imprisonment and that the court's written ruling adequately reflected consideration of his arguments. *Id.* at 478-79.

Finding Hebert's attempts to distinguish *Batiste* unpersuasive, we reach the same conclusions here. Hebert's motion was fully briefed, and the district court's written order and reasons reflect that it gave due consideration to his arguments in favor of a sentence reduction based on the § 3553(a) factors. *See Batiste*, 980 F.3d at 477-79. We accordingly AFFIRM the denial of Hebert's motion.