# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

April 16, 2021

Lyle W. Cayce
Clerk

No. 19-11337
Summary Calendar

UNITED STATES OF AMERICA,

*Plaintiff—Appellee*,

*versus*

MICHAEL GENE WILLIAMS,

*Defendant—Appellant*.

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 7:09-CR-36-1

Before HIGGINBOTHAM, JONES, and COSTA, *Circuit Judges*.

PER CURIAM:*

Michael Gene Williams, federal prisoner # 28042-077, has appealed the district court's order denying his motion for a sentence reduction under Section 404 of the First Step Act of 2018. At his initial sentencing, Williams was found to be a career offender under U.S.S.G. § 4B1.1 and was sentenced

---

* Pursuant to 5TH CIRCUIT RULE 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIRCUIT RULE 47.5.4.

No. 19-11337

to 327 total months in prison, which was within the advisory guidelines range calculated under the career-offender provision. The district court denied the First Step Act motion based on its conclusion that Williams was eligible for a reduction, but a 327-month sentence was proper based on his criminal history and the nature and circumstances of his crimes of conviction. We review the district court's ruling for an abuse of discretion. *See United States v. Batiste*, 980 F.3d 466, 469 (5th Cir. 2020).

Williams maintains that the district court erred in concluding that his guidelines range was not affected by application of the First Step Act. His claim is misguided. Although the Fair Sentencing Act reduced the statutory maximum sentence for his conviction for possession with intent to distribute cocaine base, *see* 21 U.S.C. § 841(b)(1)(B), *Dorsey v. United States*, 567 U.S. 260, 269 (2012), application of that lower statutory maximum does not affect the guidelines calculations under the relevant provisions of § 4B1.1, *see United States v. Hegwood*, 934 F.3d 414, 418 (5th Cir.), *cert. denied*, 140 S. Ct. 285 (2019); § 4B1.1. Williams's eligibility for a sentence reduction does not establish that he is entitled to one. *See United States v. Jackson*, 945 F.3d 315, 321 (5th Cir. 2019), *cert. denied*, 140 S. Ct. 2699 (2020).

Further, Williams argues that the denial of his motion violated his due process rights. However, because the grant of a reduction is not mandatory, his claim lacks merit. *See* First Step Act of 2018, § 404(c), Pub. L. No. 115-391, 132 Stat. 5194, 5222 (2018); *Jackson*, 945 F.3d at 319.

Williams also argues that the district court did not properly weigh the 18 U.S.C. § 3553(a) sentencing factors. He asserts that the district court gave inordinate weight to his criminal history and to the facts underlying his offenses of conviction and failed to credit properly the evidence establishing his post-sentencing rehabilitation.

No. 19-11337

The record reflects that the district court declined to grant a reduction after it reviewed the parties' arguments, the record, and the § 3553(a) factors. The district court determined that Williams's post-sentencing behavior did not outweigh the circumstances before it at his initial sentencing, including, inter alia, his offense conduct and his criminal history. The district court was not required to consider his post-sentencing conduct and could consider his criminal history and the nature of his offenses. *See Jackson*, 945 F.3d at 321-22. Because the district court decided to deny Williams's motion after giving him a renewed, individualized assessment, he has failed to establish that the district court abused its discretion. *See Batiste*, 980 F.3d at 475-78.

The order of the district court is AFFIRMED.