# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**
April 16, 2021

Lyle W. Cayce
Clerk

No. 20-10698
Summary Calendar

United States of America,

*Plaintiff—Appellee*,

*versus*

Christopher Jolly,

*Defendant—Appellant*.

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 5:06-CR-23-2

Before Higginbotham, Jones, and Costa, *Circuit Judges*.

Per Curiam:*

Christopher Jolly filed a motion for sentence reduction under the First Step Act of 2018. In response, the district court reduced his sentence from 262 months to 240 months. This was the second time the court had reduced Jolly's sentence. His original sentence was 327 months, but the district court

---

* Pursuant to 5th Circuit Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Circuit Rule 47.5.4.

No. 20-10698

had reduced that to 262 months in 2016 based on Amendment 782 of the Sentencing Guidelines.

On appeal, Jolly argues that his First Step Act motion should have resulted in a greater reduction. In particular, he contends that the district court abused its discretion when it considered his prior sentence reduction. According to Jolly, consideration of the earlier reduction violated *United States v. Hegwood*, 934 F.3d 414, 418 (5th Cir.), *cert. denied*, 140 S. Ct. 285 (2019), by considering a legal change that occurred subsequent to his original sentencing.

We generally review a district court's decision whether to reduce a sentence pursuant to the First Step Act for abuse of discretion. *United States v. Jackson*, 945 F.3d 315, 319 (5th Cir. 2019), *cert. denied*, 140 S. Ct. 2699 (2020). A resentencing court has broad discretion because the First Step Act does not require a sentence reduction even if the defendant is eligible for one. *Id.* at 321. However, "[a] court abuses its discretion when the court makes an error of law or bases its decision on a clearly erroneous assessment of the evidence." *United States v. Larry*, 632 F.3d 933, 936 (5th Cir. 2011) (internal quotation marks and citation omitted).

Jolly correctly states that the district court, when resentencing an individual under the First Step Act, may "alter[] the relevant legal landscape only by the changes mandated by the 2010 Fair Sentencing Act." *Hegwood*, 934 F.3d at 418. However, *Hegwood* does not support the proposition that a district court may not consider its own prior rulings in a particular case. *See id.* at 418-19. Jolly has not established that the district court abused its broad discretion to grant or deny a First Step Act motion. *See Jackson*, 945 F.3d at 319, 321.

AFFIRMED.

2