**UNITED STATES of America, Plaintiff–Appellee**

v.

**Arnold CRAYTON, also known as Lil Arnold, Defendant–Appellant.**

No. 14–10293

Summary Calendar.

United States Court of Appeals, Fifth Circuit.

March 16, 2015.

James Wesley Hendrix, Assistant U.S. Attorney, U.S. Attorney's Office, Dallas, TX, Douglas Allen, U.S. Attorney's Office, Fort Worth, TX, for Plaintiff–Appellee.

John W. Stickels, Esq., Stickels & Associates, P.C., Arlington, TX, for Defendant–Appellant.

Before SMITH, WIENER, and ELROD, Circuit Judges.

PER CURIAM: *

In 2003, Arnold Crayton, federal prisoner #29082–177, pleaded guilty to one count of conspiracy to possess with intent to distribute more than five kilograms of a mixture and substance containing cocaine and 50 grams or more of a mixture or substance containing cocaine base. The district court sentenced Crayton to 135 months of imprisonment and imposed a five-year term of supervised release. In 2008, Crayton's sentence was reduced to 120 months because the amendment to the Sentencing Guidelines for offenses involving cocaine base was made retroactive. In June 2010, Crayton began his five-year term of supervised release. While on supervised release, Crayton was arrested, charged, and convicted of possession of marijuana with intent to distribute. He was also found to be in possession of a Sig Sauer pistol, and he failed to meet with his probation officer at his reported residence at an appointed time. The district court revoked Crayton's supervised release and sentenced him to 60 months of imprisonment.

Crayton appeals his 60–month sentence, arguing that it was unreasonable because it failed to account for his battle with drug addiction and because the district court imposed the sentence to run consecutively with the sentence imposed for his marijuana distribution conviction. As Crayton did not object in the district court to the reasonableness of his sentence, we review for plain error only. *See United States v. Whitelaw*, 580 F.3d 256, 259–60 (5th Cir. 2009). Under that standard, he must show a clear or obvious error that affected his substantial rights. *See Puckett v. United States*, 556 U.S. 129, 135, 129 S.Ct. 1423, 173 L.Ed.2d 266 (2009). This court has discretion to correct the error, but only if it seriously affects the fairness, integrity, or public reputation of the proceedings. *See id.*

Crayton fails to make the required showing. In the district court, he pleaded true to violating the conditions of his release. Moreover, Crayton's 60–month sentence falls within the statutory maximum. *See* 18 U.S.C. § 3583(e)(3). The district court's comments at the revocation hearing about Crayton's criminal history and the

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

court's explicit reliance on the 18 U.S.C. § 3553(a) factors reflect that it considered the appropriate factors in fashioning a revocation sentence. *See United States v. Miller*, 634 F.3d 841, 844 (5th Cir.2011). Finally, as to the consecutive nature of the sentence, the Sentencing Guidelines provide that a revocation sentence shall run consecutively to any other sentence, even if both arose out of the same conduct, because a revocation sentence punishes a breach of trust rather than the criminal conduct. U.S.S.G., Chap. 7, Pt. A, & 3(b); U.S.S.G. § 7B1.3(f) & comment. (n. 4).

AFFIRMED.

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.