# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**
January 24, 2022

Lyle W. Cayce
Clerk

No. 21-10538
Summary Calendar

UNITED STATES OF AMERICA,

*Plaintiff—Appellee*,

*versus*

ARNOLD CRAYTON,

*Defendant—Appellant*.

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:02-CR-174-9

Before BARKSDALE, COSTA, and ENGELHARDT, *Circuit Judges*.

PER CURIAM:*

Arnold Crayton pleaded guilty in 2003 to conspiracy to possess, with intent to distribute, more than five kilograms of a mixture and substance containing cocaine and 50 grams or more of a mixture or substance containing cocaine base, in violation of 21 U.S.C. §§ 846 and 841(a)(1), (b)(1)(A).  He

---

* Pursuant to 5TH CIRCUIT RULE 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIRCUIT RULE 47.5.4.

No. 21-10538

was sentenced to:   135 months' imprisonment; and a five-year term of supervised release.  His term of imprisonment was reduced in 2008 to 120 months under 18 U.S.C. § 3582(c)(2) (modification of an imposed term of imprisonment).  During his supervised release, which began in 2010, Crayton was convicted of possession with intent to distribute marihuana and was sentenced to 60 months' imprisonment.  Consequently, his supervised release was revoked, and he was sentenced to another 60-month term of imprisonment, to be served consecutively.  Our court affirmed the revocation sentence. *United States v. Crayton*, 597 F. App'x 291, 292 (5th Cir. 2015).

Proceeding *pro se*, Crayton appeals the denial of his motion in 2021 to reduce his revocation sentence under the First Step Act of 2018, § 404, Pub. L. No. 115–391, 132 Stat. 5194, 5222 (2018).  Crayton asserts the district court abused its discretion in denying his motion by:  overemphasizing his criminal history; failing to properly account for his mitigative post-sentencing conduct; and failing to place itself in the time frame of his original sentencing proceeding.

As reflected above, a sentence reduction *vel non* pursuant to the First Step Act is generally reviewed for abuse of discretion.  *United States v. Jackson*, 945 F.3d 315, 319 (5th Cir. 2019).  Along that line, the court considering the requested reduction has broad discretion because "[n]othing in [§ 404] shall be construed to require a court to reduce any sentence".  First Step Act, § 404(c).  On the other hand, "[a] court abuses its discretion when [it] makes an error of law or bases its decision on a clearly erroneous assessment of the evidence".  *United States v. Larry*, 632 F.3d 933, 936 (5th Cir. 2011) (internal quotation marks and citation omitted).

Although the court concluded Crayton was eligible for a sentence reduction, it exercised its discretion to deny the motion after considering the 18 U.S.C. § 3553(a) sentencing factors.  The court concluded that a reduction

was not warranted based on Crayton's extensive criminal history and post-sentencing conduct. *See United States v. Hegwood*, 934 F.3d 414, 418 (5th Cir. 2019) (explaining reduced sentence under First Step Act at discretion of court); *see also Jackson*, 945 F.3d at 321–22 & n.7 (noting that court can consider post-sentencing conduct in determining whether sentence reduction warranted). Crayton's mere disagreement with the court's weighing of the sentencing factors is not sufficient to demonstrate an abuse of discretion. *See United States v. Chambliss*, 948 F.3d 691, 693–94 (5th Cir. 2020) (explaining defendant's disagreement with court's balancing factors not sufficient ground for reversal).

Finally, there is no indication in the record that the court failed to adhere to the proper framework when denying Crayton's motion. *See Hegwood*, 934 F.3d at 418 (explaining if sentence reduction is permissible under First Step Act, "[t]he district court decides on a new sentence by placing itself in the time frame of the original sentencing, altering the relevant legal landscape only by the changes mandated by the . . . Fair Sentencing Act").

AFFIRMED.