# United States Court of Appeals
## for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

February 7, 2022

Lyle W. Cayce
Clerk

No. 20-50307

United States of America,

*Plaintiff—Appellee*,

*versus*

Marvin Wayne Lyons, Jr.,

*Defendant—Appellant*.

Appeal from the United States District Court
for the Western District of Texas
USDC No. 6:08-CR-153-1

Before Dennis, Southwick, and Wilson, *Circuit Judges*.
Cory T. Wilson, *Circuit Judge*:

Marvin Wayne Lyons, Jr. asserts the district court abused its discretion in denying his motion for a sentence reduction under § 404 of the First Step Act of 2018 because the court referred to a "hypothetical sentencing enhancement that was not applied at his original sentencing" in its denial. Finding no abuse of discretion, we AFFIRM.

## I.

In 2009, Lyons pled guilty to possession with intent to distribute at least 50 grams of cocaine base (crack cocaine), in violation of 21 U.S.C.

No. 20-50307

§ 841(a)(1), (b)(1)(A)(iii), and possession of a firearm during that offense, in violation of 18 U.S.C. § 924(c)(1)(A)(i). As part of the plea agreement, the Government agreed not to proceed on a previously filed information under 21 U.S.C. § 851(a) seeking an enhanced sentence under § 841(b)(1)(A)(i) based on Lyons's previous conviction of a drug felony.[1] The Government also agreed not to file any additional charges against Lyons. *See* FED. R. CRIM. P. 11(c)(1)(A). In return for the Government's concessions, Lyons agreed to cooperate with the Government and to waive his right to appeal or collaterally attack his convictions or sentences.

At rearraignment, the district court accepted Lyons's guilty plea but deferred acceptance of the plea agreement to sentencing. *See* FED. R. CRIM. P. 11(c)(1)(A), (c)(3)(A) (prescribing procedures for entry and acceptance of plea agreements where the Government agrees to dismiss extant charges or not bring others); *see also* U.S.S.G. § 6B1.2(a), p.s. At sentencing, the district court accepted the plea agreement and sentenced Lyons to 140 months of imprisonment on the drug trafficking conviction, the middle of the advisory guidelines range, and a consecutive term of 60 months for the firearms conviction. It also imposed concurrent five-year terms of supervised release. Though it did not pursue the § 851 enhancement, the Government did not move to dismiss the § 851 enhancement information that it had previously filed, and the district court did not enter an oral or written order expressly dismissing it. Lyons did not object to the Government's failure to request dismissal of the § 851 information, and he did not file a direct appeal.

---

[1] Had the Government sought an enhanced sentence under the § 851 information, Lyons's mandatory minimum sentence for the drug trafficking offense would have increased from 10 years to 20 years of imprisonment.

No. 20-50307

In 2016, Lyons filed a motion under 18 U.S.C. § 3582(c) to have his sentence reduced pursuant to Amendment 782 to the Sentencing Guidelines. The district court granted the motion and reduced Lyons's sentence on the drug trafficking conviction to 120 months. In 2017, Lyons again moved for a sentence reduction under § 3582(c), citing Amendment 750 to the Sentencing Guidelines, which reduced base offense levels for certain drug offenses. The district court denied the motion on the ground that Lyons's sentence had already been reduced to the statutory mandatory minimum imprisonment term that continued to apply to his drug trafficking offense, such that he was ineligible for a further reduction.

After Congress passed the First Step Act (FSA), which made the Fair Sentencing Act's reduced mandatory minimum sentences for offenses involving cocaine base retroactively applicable to certain defendants, Lyons filed a pro se motion seeking a further sentence reduction under FSA § 404. Thereafter, the Federal Public Defender enrolled as Lyons's counsel and filed a new motion for a sentence reduction on his behalf.

In his counseled motion, Lyons argued that he was eligible for a reduction because the statutory imprisonment range for his drug trafficking offense had been lowered from a range of 10 years to life down to five years to 40 years and that his guidelines range had been reduced to 84 to 105 months of imprisonment followed by four years of supervised release. This revised range was lower than the mandatory minimum sentence that had applied to him prior to enactment of the FSA. Lyons urged the district court to reduce his sentence to 84 months of imprisonment and four years of supervised release on the grounds that the reduction would further the goals of Congress in enacting the FSA and would avoid unwarranted sentencing disparities. He also asserted that such a reduction was otherwise warranted under 18 U.S.C. § 3553(a), given the amount of time that he had already served, his significant postconviction rehabilitation, the skills that he had

developed that would enable him to secure gainful employment upon his release, and his substantial ties to his family, who continued to support him.

The Government filed a response in opposition but conceded that Lyons was eligible for a reduction and that his amended guidelines range was 84 to 105 months of imprisonment. The Government contended that the district court nevertheless should deny Lyons a reduction because (1) Lyons's current sentence remained within the newly-applicable statutory range of five to 40 years of imprisonment; (2) the Government could have pursued an enhanced sentence based on the § 851 information that it had filed prior to entering into the plea agreement with Lyons; and (3) Lyons had an extensive criminal history. The Government also noted that "[n]othing Lyons did after his conviction should be considered," citing *United States v. Hegwood*, 934 F.3d 414, 418 (5th Cir. 2019). Alternatively, the Government contended that the district court should not reduce Lyons's sentence below 105 months, even if it decided that a sentence reduction was warranted. The Government did not assert that a sentence reduction would be barred by the waiver of appeal and collateral relief provision in his plea agreement.

In reply, Lyons objected to the Government's argument that he should be denied a sentence reduction based on the § 851 sentencing enhancement information because the Government had agreed to dismiss the information as part of his plea agreement. He further asserted that the district court should give due consideration to his lowered guidelines range and that *Hegwood* did not limit the district court's ability to do so or to consider postconviction rehabilitation. Finally, Lyons asserted that the Government mischaracterized his criminal history and reurged his arguments that a sentence reduction was warranted under the § 3553(a) sentencing factors.

No. 20-50307

The district court issued a memorandum decision denying relief. Although it determined that Lyons was eligible for a reduction, the court exercised its discretion to deny his motion. Preliminarily, it found that Lyons and the Government entered into an agreement in which the Government agreed to dismiss the § 851 sentencing enhancement information and Lyons, in turn, "agreed not to contest his sentence 'in exchange for the concessions made by the Government.'"   After observing that Lyons would still be subject to a sentence of 120 months of imprisonment had the § 851 enhancement been pursued (notwithstanding the changes effected by the FSA), the court reasoned that exercising its discretion to deny Lyons a sentencing reduction was appropriate:  "The [c]ourt believes that [Lyons] and the Government negotiated a plea agreement in which both gave valuable consideration" that was unaffected by the change in law that allowed Lyons to seek a reduced sentence.  The court did not address the Government's alternative arguments for denying a sentence reduction.  Lyons filed a timely notice of appeal.[2]

---

[2] On appeal, the federal public defender appointed to represent Lyons filed a motion to withdraw pursuant to *Anders v. California*, 386 U.S. 738 (1967), asserting that there were no nonfrivolous issues for this court's review.  Lyons filed a pro se response. This court determined that counsel's brief was inadequate because it failed to address whether the district court arguably abused its discretion under *Hegwood*, 934 F.3d at 418–19 and *United States v. Cooley*, 590 F.3d 293, 296–97 (5th Cir. 2009), by relying on the appeal and collateral relief waiver and finding that Lyons was still subject to an § 851 enhancement despite the original sentencing court's acceptance of the plea agreement between Lyons and the Government, which required dismissal of the § 851 enhancement. The court ordered that the motion to withdraw be carried with the case and directed the public defender to file a supplemental *Anders* brief addressing those issues or a brief on the merits addressing any nonfrivolous issues that counsel deemed appropriate.  Counsel submitted a brief on the merits, rendering the motion to withdraw moot.

We further note that Lyons was released from the custody of the Bureau of Prisons on July 2, 2021.  But this appeal is not moot because, as stated *supra*, Lyons also requested

No. 20-50307

## II.

We review motions to resentence under the FSA for abuse of discretion. *United States v. Jackson*, 945 F.3d 315, 319 (5th Cir. 2019), *cert. denied*, 140 S. Ct. 2699 (2020). "A court abuses its discretion when the court makes an error of law or 'bases its decision on a clearly erroneous assessment of the evidence.'" *United States v. Larry*, 632 F.3d 933, 936 (5th Cir. 2011) (quoting *United States v. Lipscomb*, 299 F.3d 303, 338–39 (5th Cir. 2002)). "[T]o the extent the court's determination turns on the meaning of a federal statute such as the FSA, our review is *de novo*." *United States v. Stewart*, 964 F.3d 433, 435 (5th Cir. 2020).

## III.

Section 404 of the FSA "concerns the application of the Fair Sentencing Act of 2010." *Hegwood*, 934 F.3d at 416 (internal quotation marks and citation omitted). Section 404 gives courts discretion to reduce a sentence for a "covered offense." "Covered offense," in turn, is defined as "a violation of a Federal criminal statute, the statutory penalties for which were modified by section 2 or 3 of the Fair Sentencing Act of 2010 . . . , that was committed before August 3, 2010." 132 Stat. 5194, 5222 (§ 404(a)-(b)); *see also Hegwood*, 934 F.3d at 418. Here, there is no dispute that Lyons's 2009 conviction for possession with intent to distribute 50 grams or more of cocaine base (268.27 grams, to be exact) constitutes a covered offense.[3] *See*

---

a one-year reduction in the concurrent five-year terms of supervised release imposed for his crack cocaine and firearms convictions, which the district court implicitly denied.

[3] Section 2 of the Fair Sentencing Act amended Lyons's conviction statute, § 841(b)(1)(A)(iii), by raising the 50-gram threshold to 280 grams. Pub. L. No. 111-220, 124 Stat. 2372 (2010). It likewise raised § 841(b)(1)(B)(iii)'s five-gram threshold to 28 grams. *Id.* Given these changes, retroactive application of the Fair Sentencing Act would reduce Lyons's statutory mandatory minimum sentence from 10 years to five years and

*Jackson*, 945 F.3d at 319–20.  Denying Lyons's motion, the district court simply agreed with the Government that a sentence reduction was not warranted.

Lyons's contention on appeal is that the district court abused its discretion in reaching this conclusion.  According to Lyons, the court erred by misapplying *Hegwood*, which provides that "[t]he district court's action is better understood as imposing, not modifying, a sentence, *because the sentencing is being conducted as if all the conditions for the original sentencing were again in place with the one exception*" of the FSA's changes.  *Id.* at 418–19 (emphasis added).  Specifically, Lyons contends the district court erred when it "ignore[d] the fact that the Government dismissed [the] sentencing enhancement information pursuant to the plea bargain agreement that [led] to Lyons entering his guilty plea."[4]  The Government, however, asserts that "[c]ontrary to Lyons'[s] argument, the district could have considered the unused enhancement at the 2009 sentencing proceeding, and therefore [it] did not abuse its discretion by considering that information in its 2020 order."  We reach the same conclusion.

It is true that the district court did not cite *Hegwood* in its denial of Lyons's motion for a sentence reduction under the FSA.  Nonetheless, the district court implicitly recognized its duty to "impose" a sentence "as if all the conditions for the original sentencing were again in place with the one

---

reduce his statutory maximum sentence from life imprisonment to 40 years.  21 U.S.C. § 841(b)(1)(B).

[4] Lyons also asserts that "to the extent that the district court relied on the collateral-attack waiver in Lyons'[s] plea agreement as a basis for denying a reduction, that was also an abuse of discretion."  Lyons cites *United States v. Cooley*, 590 F.3d 293, 296–97 (5th Cir. 2009), to support this assertion.  We do not address this contention, however, because we conclude that nothing in the district court's order indicates that it considered Lyons to have waived his right to move for a sentence reduction under the FSA.

exception" of the changes in the law wrought by the FSA. *Hegwood*, 934 F.3d at 418–19. The district court noted in its denial order that "a substantial number of factors went into the determination of the original sentence beyond the sentencing guideline range that might have been before the sentencing judge based on the final Pre-Sentence Investigation Report." The district court then highlighted the parties' plea agreement, in which the Government agreed to dismiss the pending sentencing enhancement information in Lyons's case in exchange for his guilty plea and his agreement not to contest his sentence. The district court thus inferred that the plea agreement, and the § 851 enhancement information underlying it, were things that the district court could have considered in Lyons's 2009 sentencing and were therefore factors it could take into account in weighing Lyons's present motion for a sentence reduction. The district court ultimately concluded that given the valuable consideration of both parties reflected by the plea agreement, it would exercise its discretion to deny Lyons's motion.

As also noted by the Government, "the district court would have been able to acknowledge that Lyons qualified for an unused enhancement [at Lyons's initial sentencing], because Lyons'[s] presentence report listed—with no objections—a prior felony drug offense, and because the [G]overnment had followed the procedure in § 851 to increase his statutory minimum sentence under § 841" (even though it agreed not to pursue the enhancement in exchange for Lyons's plea). Lyons points us to no authority to the contrary, and we are aware of none. Instead, *Hegwood* instructs that a district court should make an FSA sentence reduction determination "as if all the conditions for the original sentencing were again in place . . . ." *Id.* at 419. And a defendant's criminal history is indeed one of the factors that a court considers in imposing a sentence. 18 U.S.C. § 3553(a); *see also United States v. Smith*, 440 F.3d 704, 709 (5th Cir. 2006).

No. 20-50307

Accordingly, we cannot say that by denying Lyons's motion the district court made an "error of law or base[d] its decision on a clearly erroneous assessment of the evidence." *Larry*, 632 F.3d at 936 (internal quotation marks and citation omitted). "Eligibility for resentencing under the First Step Act does not equate to entitlement" to a sentence reduction. *United States v. Batiste*, 980 F.3d 466, 471 (5th Cir. 2020); *see also United States v. Abdul-Ali*, 19 F.4th 835, 837–38 (5th Cir. 2021). We discern no abuse of discretion in the district court's denial of Lyons's motion.

AFFIRMED.